5:148 Ind 650
39 LRA 392

JOHN KENNEY DAVIS

*v.*

HARRIET A. LANG *et al.*

*Filed at Springfield October 30, 1894.*

1. PRACTICE—*in Supreme Court—failure to assign errors.* The Supreme Court will not pass upon or notice supposed errors unless they are assigned upon the record.

2. SAME—*additional plea filed without leave may be ignored.* A party has no legal right to file an additional pleading, after the issues are made up, without leave of court, and a pleading so filed may be ignored, as being no part of the record.

3. PARTITION—*no redemption where mortgage is paid with proceeds of sale.* A decree of sale in partition may properly provide for the satisfaction of a valid mortgage upon the land without allowing redemption, as in decrees of foreclosure.

4. PARTIES—*wives of tenants in common not necessary.* The wives of tenants in common are not necessary parties to suits for the partition of real estate.

5. DOWER—*inchoate right of, subject to be divested.* The law affixes to the seizin of joint estates, and estates held in common, the liability to be divested by sale in partition, and a wife's inchoate right of dower is subject to this incident.

6. SAME—*wife remitted to share of personalty upon sale.* Upon a widow's inchoate dower being divested through sale in partition, she is remitted, in lieu thereof, to her inchoate right in the personalty, into which the realty is transmuted by the sale.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM A. CRAWLEY, and Mr. OSCAR A. DELEUW, for the plaintiff in error:

In support of the plaintiff's right to redeem from the Ransdell mortgage, see the following authorities: *Bouqt* v. *Coburn,* 27 Barb. 230; *Merriut* v. *Hosmer,* 11 Gray, 276.

Messrs. MORRISON & WHITLOCK, and Messrs. BROWN & KIRBY, for the defendants in error:

This court cannot take notice of, or pass upon, any errors not assigned on the record. *Jackson* v. *Warren,* 32

153  175
71a  490
153  175
174  224

153  175
91a  203

153  175
197  ¹311
197  ¹568

153  175
204  ²375

153  175
113a  ¹100

Ill. 331; *Gilbert* v. *Maggord,* 1 Scam. 471; *Page* v. *People,* 99 Ill. 418.

The court must provide, in its decree of sale, for the discharge of all incumbrances on the land.    *Thompson* v. *Frew,* 107 Ill. 478.

The wives of tenants in common are not necessary parties to suits for the partition of the property held in co-tenancy.    *Weaver* v. *Gregg,* 6 Ohio St. 547.

Mr. JUSTICE BAKER delivered the opinion of the court:

In the year 1873 Daniel B. Davis died intestate, and seized in fee of one hundred and sixty acres of land in Morgan county.    He left him surviving his widow and four children,—John Kenney Davis, the plaintiff in error, William R. Davis, Harriet A. Lang and Sarah J. Ransdell. Said William R. Davis conveyed, by quit-claim deed, his undivided one-quarter interest in the land to plaintiff in error.    In 1885 the widow died.    In 1889 Harriet A. Lang and Sarah J. Ransdell exhibited this their bill for partition, alleging the above facts ; that they were each the owner of an undivided one-fourth interest in said land and plaintiff in error the owner of an undivided one-half interest therein, and that the latter had been in possession of the premises since his father's death, in 1873.    The bill prayed for partition, and for an accounting in respect to the rents and profits.    Plaintiff in error filed an answer, admitting the allegations of the bill, except as to his use of the premises, and setting up that he had paid all the taxes since his father's death, and that he had made valuable and permanent improvements on the land, of the value of $2000.    Afterward, and during the same term of court, William L. Ransdell, husband of the said Sarah J. Ransdell, interpleaded, by leave of the court.    In and by his interpleader he alleged and charged that on the 2d day of May, 1889, he had loaned to plaintiff in error the sum of $3500, to be repaid in one year from that date,

with seven per cent per annum interest, and had taken and received as security therefor a mortgage from plaintiff in error on his undivided one-half of the one hundred and sixty acres of land sought to be partitioned, and he asked that his said mortgage should be protected by the decree of the court.

Such proceedings were thereafter had as that commissioners were appointed to make partition, and the commissioners made report that the lands were not susceptible of division, and thereupon the court decreed a sale of the same. By the decree the costs were ordered to be first paid, and reasonable solicitors' fees were allowed and fixed at $400,—$200 to the solicitors of the complainants in the bill, and $200 to the solicitor of plaintiff in error. The decree also made an adjustment in the matter of the accounting for rents and profits, and it then ordered that out of the proceeds of the one-half interest of plaintiff in error in the premises the master in chancery should pay to William L. Ransdell the sum of $3683.07, that being the amount found to be due him for his mortgage debt, with interest to February 1, 1890, and should also pay him interest from said last named date, at six per cent per annum. The decree also provided for the execution by the master of a deed to the purchaser, upon the confirmation of the sale. Thereafter the master made report, showing a sale of the lands on March 8, 1890, to said William L. Ransdell, for the sum of $9968, which sum was paid in cash on the day of sale, although by the terms of the decree a credit was provided for as to part of the purchase money. No exceptions were filed to the report, and it was approved by the court.

At a subsequent date plaintiff in error sued out this writ of error, and brought the record to this court and made various assignments of error; that the court below erred in rendering a decree for partition; that it erred in rendering the decree of sale, and in making the sale absolute

and not subject to the Ransdell mortgage; that it erred in awarding solicitors' fees in this contested case; that it erred in decreeing relief upon the interpleader, without Mary J. Davis, wife of plaintiff in error, who joined in the execution of the mortgage, being made a party to the proceeding; and that it erred in denying the right to redeem under the mortgage, and in foreclosing the same before due, and without any allegation or prayer for such foreclosure in the pleadings. Thereupon defendants in error interposed three pleas of release of errors, each of said pleas setting up, in substance, the same fact, to-wit, that plaintiff in error had received his distributive share of the proceeds of the sale made under the decree, and had thereby waived and released, all and singular, the several errors assigned. To these pleas plaintiff in error filed a replication, setting up that he did not accept and receive his said share of said proceeds, but that one M. T. Layman received his said share of the proceeds without the authority or knowledge of him, said plaintiff in error; and he also filed an answer or demurrer, questioning the sufficiency of the pleas of release of errors, and asking that the same be reserved until the final hearing. To the replication there was a rejoinder, to the effect that plaintiff in error did receive of and from said Layman, who was his attorney of record in the case, said share of said proceeds.

The issue of fact made upon the pleas of a release of error, and the replication thereto, and the rejoinder, was ordered to be, and was, certified to the circuit court of Morgan county for determination by the verdict of a jury thereon, and said circuit court certified back a transcript of its record showing its proceedings in the premises, and that the verdict of the jury upon the issue of fact was as follows: "We, the jury, find the issues for the defendants, Harriet A. Lang and others."

It is claimed in one of the briefs and arguments presented in behalf of plaintiff in error, that the court below

committed error in not continuing the trial of the certified issue or issues, upon the affidavit filed, and the certificate of one Dr. Miller, which was made a part thereof, and which formed the basis of a motion for continuance, and also claimed that the verdict of the jury is not sufficiently specific. Upon the other hand, defendants in error claim that, since no errors have been assigned upon the record of this branch of the case, this court cannot notice or pass upon said supposed errors. This latter claim is well founded. Not only are no errors assigned upon said record, but no attempt is made to assign errors in the additional abstract, or to assign errors covering the last above contentions of plaintiff in error, upon the original transcript of the record. It was held in *Benneson* v. *Savage*, 119 Ill. 135, that where no errors are assigned on the record there is and can be no joinder in error, and therefore no issue for this court to try. And it was held in *Williston* v. *Fisher*, 28 Ill. 43, and in *Ditch* v. *Sennott*, 116 id. 288, that the failure to assign errors upon the record is a matter of substance, and that the assignment of errors performs the same office in this court that a declaration does in a court of original jurisdiction, and is equally as essential in the forming of an issue upon which the court can properly give judgment. In the case at bar, the objection having been made by the opposite party, we cannot do otherwise than sustain it. But even if the rule were otherwise, we would be compelled to hold that the said contentions of plaintiff in error were without merit.

Plaintiff in error suggests, and barely suggests, that on the tenth day of June he filed an additional replication to the pleas of a release of errors, and that said replication stands wholly unanswered, and he asks that the judgment of the court be rendered in his favor upon said unanswered replication. It appears that he replied to said pleas on the 4th day of June and defendants in error rejoined on the 10th day of June, and that issue of fact

was thus formed on said last named day. Plaintiff in error then filed said additional plea, without leave of court, and asked no rule on defendants in error to plead thereto, and the next day (the 11th day of June) this court certified to the Morgan circuit court "the said issue of fact," and that only, its attention not being called to said additional replication. Plaintiff in error had no legal right to file said pleading without obtaining permission from the court. It is a matter purely discretionary with the court whether or not to allow a party to file an additional pleading after he has once pleaded to the merits, and to file such a pleading without leave, and without taking a rule on the opposite party, would be a practice very likely to result in wrong and injury. (*Lincoln* v. *McLaughlin,* 74 Ill. 11; *Haas* v. *Stenger,* 75 id. 597; *Millikin* v. *Jones,* 77 id. 372; *Fisher* v. *Greene,* 95 id. 94.) In our opinion the additional replication should not be regarded as properly a part of the record, and plaintiff in error should be allowed to take nothing by it.

It necessarily follows from what we have said, and from the verdict of the jury upon the issue of fact, that the decree of the circuit court must be affirmed, unless it be that plaintiff in error can be allowed to both plead and demur at one and the same time to the same matter, and that there is merit in his claim that was reserved to the hearing. The claim is, that the right to a share of the proceeds of the sale made under the decree is independent of, and not inconsistent with, the right to redeem from such sale, but that each is a separate right, and that plaintiff in error was and is entitled to his distributive share of such proceeds, and in receiving the same was and is not thereby estopped from complaining of the error in the decree in not providing for redemption, and of the other errors in the proceedings.

The fundamental error of plaintiff in error is in assuming that the decree is a decree rendered upon the foreclosure of a mortgage, whereas it is a decree for the sale

of lands, rendered by virtue of section 26 of the act to revise the law in relation to the partition of real estate. (Rev. Stat. chap. 106.) There was in the interpleader of William L. Ransdell neither allegation nor prayer calling for the foreclosure of the mortgage. It merely set up the mortgage, and asked that his interest as mortgagee should be protected in any partition or sale of the lands ; that if any portion of the lands should be set off and assigned to John Kenney Davis, then that such mortgage should be made and declared a first lien thereon, and in the event the lands were decreed to be sold, then that it should be decreed that the mortgage indebtedness should be paid out of the share of the proceeds of the sale belonging to said John Kenney Davis. While there is a statutory right of redemption from a sale made under a decree foreclosing a mortgage, there is no such right of redemption from a sale made under a decree in a partition suit. In *Thompson* v. *Frew*, 107 Ill. 478, it was held, that in decreeing a partition of land the court has the power, and it is its duty, to provide for the satisfaction of any valid mortgage upon the interest of any one of the tenants in common, in case a sale of the premises is ordered.

In respect to the allowance of solicitors' fees by the decree, it may be remarked that the record shows, not only that it was based upon the evidence heard in open court, but also that it was made "by consent of parties."

In respect to the fact that Mary J. Davis, wife of plaintiff in error, was not a party to either the original bill or the interpleader, it may be remarked that she is not here complaining. But be this as it may, the wives of tenants in common are not necessary parties to suits for the partition of real estate. The right of dower in a wife subsists by virtue of the seizin of her husband, and this right is always subject to any incumbrance, infirmity or incident which the law attaches to that seizin, either at the time of the marriage or at the time the husband became seized ; and a liability to be divested by a sale in

partition is an incident which the law affixes to the seizin of all joint estates, and the inchoate right of the wife is subject to that incident; and when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted.    See *Weaver* v. *Gregg*, 6 Ohio St. 547.

The decree of the circuit court is affirmed.

*Decree affirmed.*