ANNA K. KIEBEL, et al.

v.

EDWARD J. LEICK et al.

*Opinion filed June 23, 1905—Rehearing denied October 12, 1905.*

1. JUDICIAL SALES—*court has broad discretion in setting aside sale where interests of minors are involved.* Where the interests of minors are involved the court has a broad discretion in the matter of setting aside a judicial sale and re-offering the premises for a larger bid.

2. SAME—*petition by minors to set aside sale is sufficient exception to the report.* Under section 29 of the Partition act, permitting any person interested to file exceptions to the report of sale, a petition by the minor owners to set aside the sale and permit a re-sale is a sufficient exception to the report.

3. SAME—*giving bond in place of earnest money is sufficient—contempt.* In view of the power of the court to punish for contempt in case of failure of a bidder to comply with the advance bid made by him to induce the court to set aside a judicial sale and order a re-sale of the property, the execution of a bond in lieu of payment of the earnest money into court is a sufficient protection to the parties interested.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

On July 11, 1904, a bill was filed in the superior court of Cook county for the partition of certain real estate in the city of Chicago between Jacob Kiebel, Anna K. Kiebel, Edward J. Leick, Casper J. Leick, Alfonse M. Leick and Isabel May Leick, the last four being minors. The premises being reported not susceptible of partition were appraised at $9000 and a decree of sale entered. On January 6, 1905, at a sale by the master they were purchased by appellants for $11,000. After the report of sale had been filed, but before it was approved, appellee Mathias J. Leick, as guardian *ad litem* of the infant defendants, moved the court to set the sale aside, and in support of the motion filed a petition,

and alleged that it had been made upon the terms that the title should be perfect or the sale vacated; that one George Manierre was desirous of purchasing said premises, but his attorneys did not consider the order of sale a protection to bidders and for this reason he had declined to make any bid; that the abstract of title was in the possession of the said Jacob Kiebel, and other parties did not have access to it; that owing to the absence of the abstract the sale was not made for the best price obtainable, and said Manierre, if a complete abstract of title were delivered to him and the same showed a good and merchantable title, would bid for said premises the sum of $12,100, and would deposit with the master the sum of $1000 as earnest money, to be returned if the title was not good. The petition prayed that the sale be vacated, set aside and a re-sale ordered. The purchasers answered the petition, asking that the sale be confirmed and offering to take the title without an abstract, alleging there was no fraud in the sale; that the premises had been sold for their full value, and that the offered bid of Manierre was merely conditional. Upon a hearing of the motion, and the answer thereto, the court found that it was for the best interest of the minors that the sale be vacated and a re-sale ordered, and the bond of Manierre was ordered to stand in lieu of a cash tender. From this order an appeal has been prosecuted to this court.

LYNDEN EVANS, for appellants.

ERNEST SAUNDERS, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only question for determination is whether or not the superior court properly set the sale aside. It is the policy of the law to give permanency and stability to judicial sales and to give to the purchaser the benefit of his bid, but there are cases in which such sale will be set aside even in the ab-

sence of fraud. The chancellor is vested with a sound legal discretion in such cases, which, however, must be exercised according to established rules of law. (*Ayres* v. *Baumgarten*, 15 Ill. 444.) Where a judicial sale has been conducted in the usual manner and the purchaser is a stranger to the order of sale, mere inadequacy of price will not justify a court in vacating the sale and depriving the vendee of the benefit of his purchase unless the inadequacy is such as to amount to evidence of fraud. (*Barling* v. *Peters*, 134 Ill. 606.) But if fraud or misconduct in the purchaser, or in the officer conducting the sale, or other persons connected therewith, be shown, or if the owner or party interested has been surprised or misled into a mistake by the conduct of the purchaser or by the officer or any person connected with the sale, such facts will be considered, together with the inadequacy of price, and the sale set aside, if in the sound discretion of the court it should appear to be for the best interest of the parties concerned. (*Wilson* v. *Ford*, 190 Ill. 614.) On an application to vacate a judicial sale the court should also take into consideration the fact, if shown, that the parties interested are under disabilities. Adults are able to bid for themselves or have others do so, and thus protect their rights and obtain the full value of their interests in premises sold; but not so as to infants. They are by their disability prevented from protecting themselves against loss. Courts of equity are the guardians of all infants within their jurisdiction, whose rights are under their special protection; hence a sale of real estate should be set aside where the interests of infants are involved, if the court can see that to refuse to do so will result in substantial and irreparable loss to them. In other words, the policy of the law to give permanency to judicial sales should not be enforced contrary to the rights of infants or others under disability. In the case at bar four of the six parties to the suit were infants. The price offered was $1000 in excess of the prevailing bid. There was a question raised as to the title to the premises

and the possession of the abstract of title. The case was heard by the chancellor in open court. He was familiar with all of the facts, and decided that it was for the best interest of the infants that the sale should be set aside and the premises re-offered to the highest bidder. It was a question within his sound discretion, and we cannot say, from the record before us, that such discretion was abused or was not exercised in accordance with the rules of law governing such cases.

It is next urged that no exceptions were filed to the sale within the meaning of the statute, and that the offer to increase the bid was merely conditional, and that as no earnest money was paid into court by the bidder, the order setting aside the sale should be reversed. Section 29 of chapter 106 of Hurd's Statutes of 1899 provides, that after a report of sale is made by the master any person interested may file exceptions thereto. No particular form for such exceptions is prescribed. The guardian *ad litem* for the infant defendants filed his petition asking that the sale be vacated. We are of the opinion that the petition was sufficient, under the statute, as a basis for an order setting aside the sale. The offer to increase the bid according to the petition was conditional, but before the sale was ordered set aside that offer was made absolute and a bond executed in place of the earnest money was paid into court. We think this was sufficient to protect the rights of the parties, in consideration of the power of the court to punish for contempt in case of a failure to comply with the bid.

We find no sufficient reasons for disturbing the decree of the superior court. It will accordingly be affirmed.

*Decree affirmed.*