# CASES IN CHANCERY

## DELAWARE

### HENRY F. DURE,
#### vs.
### ALLEN L. SHARPE.

*New Castle, April* 20, 1910.

It is the duty of the court in cases of judicial sales to protect the purchasers against defective titles.

A statutory dower right, though it may never accrue actually, is, even during the lifetime of the husband, a substantial right, possessing attributes of property, to be estimated and valued as such, and is held by the wife entirely independent of her husband.

The dower right does not attach to any greater right than that held by the husband, and therefore the wife's right to property held by him as a tenant in common is subject to the right of the co-owners to have the property partitioned in severalty, in which case the dower right attaches to the portion allotted in severalty to the husband.

An actual partition in severalty of property held by tenants in common is binding on the wife of one of the tenants, though she is not a party to the proceeding, and her dower attaches to the land allotted to her husband in severalty, and not to his undivided interest in the whole of the property.

In the absence of any statutory provision, a wife of a tenant in common should be held a necessary party to proceedings for the sale of land for partition, since she cannot have her dower interest secured in any way against the proceeds of the sale, and therefore should have an opportunity to urge that the partition be made in severalty without sale.

The court should not allow the husband or any grantee from him after his marriage to become a petitioner for partition, and should refuse to allow the land to be sold, where it appears that a tenant in common was the petitioner by collusion with the husband, or by his fraudulent procurement, to deprive his wife of her right in the land.

*Rev. Code* 1852, *amended to* 1893, *p.* 661, §22, making a sale of lands pursuant to section 14 of that chapter effective against an interest in dower, if the person entitled to such interest was a party to the proceeding, refers only to persons entitled to accrued dower, and therefore by necessary implication excludes the necessity of making a wife a party to the proceedings in order to cut off her inchoate right of dower.

PETITION TO SET ASIDE A SALE made by a trustee appointed for that purpose in partition proceedings. At the return of sale by the trustee appointed by the Chancellor to make sale of the land held as tenants in common by the petitioner and respondent in this cause, John J. Hanley, the purchaser at the sale filed a petition setting forth that Allen L. Sharpe, the respondent, before and at the time of the filing of the petition for partition and the filing of the present petition had a wife living, viz., Clara V. Sharpe, who was not made a party to the cause, and averred that the sale made by the trustee "was subject to the dower interest of the said Clara V. Sharpe in the undivided interest of the said Allen L. Sharpe in the lands and premises mentioned in the petition and proceedings thereunder," and that because of said dower interest of Clara V. Sharpe the title purchased by John J. Hanley was not a good, marketable and complete title to the lands and premises, and one which he should not be compelled to take, and prayed that the Court refuse to confirm the sale and order the purchase money returned to the purchaser.

*Charles F. Curley*, for petitioner.
*Harry Emmons*, for trustee appointed to make sale.

THE CHANCELLOR. It is the duty of the court in cases of judicial sales to protect the purchasers against defective titles, and consideration has therefore been given to the petition. The point is thus distinctly raised in this case for the first time in this State, so far as disclosed by the reported decisions, whether the wife of a tenant in common is a necessary party to the proceedings for partition so as to bar any right she may have as against the purchaser at a sale of the land in case she survives her husband.

It is a fair statement of the decided cases to say that the weight of authority is that the wife is not a necessary party, and is bound by the proceeding, though not a party. But the reasons of the courts which so hold are not satisfactory to me, and independent of our statute, to be hereinafter mentioned, I am strongly inclined to believe that unless she be a party to the proceeding she is not bound by it.

By statute in Delaware the widow is entitled to hold for her life one-third part of the land whereof her husband was seized at any time during marriage. When her right has accrued by the death of her husband, provision is made for securing to her her share in severalty, or if she so elects her share is invested for her benefit in case of a sale of the land. This right exists as well in an undivided share or interest in land as in an entire estate. A wife may relinquish her dower right during or after her husband's life by voluntary act on her part, and may forfeit it in his life by misconduct. By statute her dower right is paramount to any alienation, covenant, debt, lien or incumbrance made or contracted by the husband after marriage. During the life of her husband she has a right which is recognized as an existing interest. The right attaches during marriage as soon as the husband becomes seized. Though it may never accrue to her actually, and ends by her death in his life, still even in his lifetime, it is a substantial right, possessing in contemplation of law attributes of property, to be estimated and valued as such, and is held entirely independent of her husband. 2 *Scribner on Dower*, 5.

Chancellor Bates in *Chandler v. Hollingsworth*, 3 *Del. Ch.* 99, 114, thus describes it:

"Though her dower is inchoate only until the husband's death, it is none the less, in his lifetime, a legal right, vested and indefeasible, except by her own act."

Her right is of such importance that she has a right to redeem from a mortgage land owned by her husband. *Davis v. Wetherell*, 13 *Allen (Mass.)* 60, 90 *Am. Dec.* 177.

Though she takes independent of her husband and is not in privity with him, still she does not take any greater right than he had. When either at the time of, or during, marriage the husband becomes a tenant in common or joint tenant of land, his estate in

the land is held subject to the right of the co-owners to have a partition made in severalty if it can be done without detriment, and if not, then to have the land sold and the proceeds thereof divided. This right to have a severance of estates has been enforced by courts of equity as part of its ancient jurisdiction, and is also provided for in this State by statutes prescribing a procedure therefor. A wife holds her inchoate right of dower subject to this paramount right of a tenant in common to a severance. In case of an actual partition in severalty, the inchoate right of dower will by operation of law, and without any decree of the court, or specific statute to that effect, attach to the land allotted in severalty to her husband. Thus far there does not seem to be any differences of opinion. It seems to be settled also that an actual partition is binding on the wife, though she be not made a party to the proceeding, and in case she survives her husband her dower attaches to the land so allotted to him in severalty and not to his undivided interest in the whole of the land of which her husband was in his lifetime a tenant in common, or joint tenant. *Holley v. Glover*, 36 *S. C.* 404, 15 *S. E.* 605, 16 *L. R. A.* 776, 31 *Am. St. Rep.* 883.

It seems to me, independent of *Section* 22 *of Chapter* 86 *of the Revised Code* of 1893, *p.* 661, and contrary to the cases which hold otherwise, that the wife is not precluded by partition proceedings to which she was not a party, whether the partition be made in severalty, or the land be converted into money by sale. It is idle to say that she has in her husband's life "a legal right, vested and indefeasible except by her own act," and say that she is not a necessary party to a proceeding which divests her right. She is entitled to be heard in the proceeding to urge a division in severalty, which it is to her interest to obtain, for thereupon her rights attach indefeasibly to the land so allotted to her husband. If there is no way to secure to her her share of the proceeds of sale, and she therefore gets none of it, so much the greater is the reason why she should be heard in favor of an allotment in severalty. It is no answer to her demand for a hearing to say that if the land is divided her rights are preserved against her husband's allotment, and if sold for purpose of division she gets nothing, and, therefore, she is not interested in the suit and can do nothing as a party in

the suit to protect her rights or advance her own interests. If she is made a party she can urge before the commissioners reasons in favor of a partition in severalty. It cannot be assumed at the commencement of every proceeding that there cannot be an actual partition, and in every cause of partition the wife even during the life of her husband has an interest to be heard in favor of an actual partition. It is always assumed in the cases that if there is an actual partition she is bound thereby, though not a party, just as a lien creditor of a tenant in common is so bound though not a party, his rights being transferred to the land allotted in severalty, or to the share of the proceeds of sale to which the debtor is entitled. There is this difference, however, that the lien creditor of the tenant in common actually obtains the portion of the proceeds of sale belonging to his debtor as a tenant in common, while the wife of a tenant in common gets no portion of the fund and none of it is secured to her.

It is also urged that the wife loses all right to land which is taken in her husband's life for public purposes by the exercise of the right of eminent domain, and also has no claim on the amount awarded as compensation, and is, therefore, not a necessary party in the proceedings for condemnation. 1 *Scribner on Dower*, 550; 1 *Dillon on Municipal Corporations* (2d Ed.) 459; *Washburn on Real Property* (4th Ed.) 269. But this is not a parallel case. The object of the proceeding is to take specific land upon payment of the price at which it is valued, which is a conversion solely, cash being substituted for land. Inasmuch as she cannot have, or have secured to her, any share of the money she has no interest in the matter, the sole object of the proceedings being a valuation of that which has been selected to be taken.

It is also held that her husband may without her waiver, or consent, dedicate land to public uses, and if the dedication be complete and accomplished, her dower will be barred as to the land so dedicated in case she survive her husband. This was stated in *Haggerty v. Wagner*, 148 *Ind.* 625, 48 *N. E.* 366, 39 *L. R. A.* 384. But the reason for so holding does not appeal to me as satisfactory. A dedication by the husband seems to be a clear case of defeating dower by voluntary act of the husband.

It has also been held, and most of the cases so hold, that the

wife is barred of any right where the land is sold in proceedings
to which she is not a party, though no portion of the purchase
money is paid to or secured for her, but is all paid to the husband.
*Weaver v. Gregg*, 6 *Ohio St.* 547, 67 *Am. Dec.* 355, which holds that
the proceeds are payable to the husband because such has been
the practice and because her contingent interest was not capable
of estimation. Almost all the cases have been influenced by the
principle laid down in *Weaver v. Gregg*, in which case the Court
summed up the matter thus:

> "The right of dower in the wife subsists in virtue of the seizin of the hus-
> band; and this right is always subject to any incumbrance, infirmity, or in-
> cident, which the law attaches to that seizin, either at the time of the marriage
> or at the time the husband became seized. A liability to be divested by a
> sale in partition, is an incident which the law affixes to the seizin of all joint
> estates; and the inchoate right of the wife is subject to this incident. And
> when the law steps in and divests the husband of his seizin, and turns the realty
> into personalty, she is, by the act and policy of the law, remitted, in lieu of
> her inchoate right of dower in the realty, to her inchoate right to a distributive
> share of the personalty into which it has been transmitted."

Other cases are *Davis v. Lang*, 153 *Ill.* 175, 38 *N. E.* 635;
*Haggerty v. Wagner*, 148 *Ind.* 625, 48 *N. E.* 366, 39 *L. R. A.* 384;
*Mitchell v. Parrish*, 69 *Md.* 235, 14 *Atl.* 712; *Rowland v. Prather*,
53 *Md.* 232; *Lee v. Lindell*, 22 *Mo.* 202, 64 *Am. Dec.* 262; *Holley
v. Glover*, 36 *S. C.* 404, 15 *S. E.* 605, 16 *L. R. A.* 776, 31 *Am. St.
Rep.* 883.

It has also been held that a husband may after marriage,
and in his wife's life, convey his undivided interest in land so as
to bar his wife even of her inchoate right of dower. *Holley v.
Glover, supra.*

It only needs to fill out the list of unjust discriminations
against married women for some court to hold that a man may
after marriage convey an undivided share of land of which he was
sole owner, and that his grantee may thereupon apply for parti-
tion of the land, have it sold and the proceeds of sale pass to the
husband clear of the right of the wife to the land or proceeds of
the sale thereof.

It may be conceded that it is practically impossible to secure
to the wife any interest in the proceeds of sale of land in which
her husband was a tenant in common, because of the uncertainties

of life and the contingent character of her right. During the husband's lifetime she is not entitled to the money constituting his share of the proceeds of sale, or to any part of it. The size of her share of her husband's estate as widow depends upon facts existing at his death, viz. upon the existence then of children or issue of deceased children, etc. Therefore in case of a sale in partition proceedings her right in the proceeds is gone. Still that is not a sufficient reason to exclude her from an opportunity to urge a partition in severalty.

The court should not allow the husband, or any grantee of the husband by deed made after his marriage, to become a petitioner for partition, and should refuse to allow land to be sold where it appears that a tenant in common was a petitioner for partition by collusion with the husband, or by his fraudulent procurement to deprive his wife of her right in the land of which he was tenant in common. It is of interest to the wife during coverture to have notice of partition proceedings in order that she may protect herself from the fraudulent acts of her husband done to deprive her of her right.

It is unquestionably the general practice in all three counties of the State to omit the wife of a tenant in common as a party in partition proceedings. Furthermore, there is no provision for making her a party in the rules of court relating to partition causes, or in the forms framed by Chancellor Bates in 1848; but on the other hand she is not excluded as a party in terms, or by anything which can be inferred from the rules or forms. It is certain, however, that no provision is made either in the rules or forms for any method of securing to her any interest in the proceeds of sale either presently or in the future. Some good reason must have existed during all these years why the wife was not made a party, and this reason I find in *Section 22 of Chapter 86 of the Revised Code.*

The prior sections of the chapter relating to partition of land held by tenants in common or joint tenants are general in their character in describing the parties. By section 14 a sale is authorized, and upon confirmation thereof the trustee is to be ordered to execute a deed to the purchaser "for such estate therein as belonged to the said joint tenants or tenants in common," and liens against tenants in common are preserved against the proceeds

of sale. Section 15 enacts that a purchase shall pass "all the estate and interest of the joint tenants and tenants in common, free and discharged of and from all liens and incumbrances, except such as may be paramount to the title of the said joint tenants or tenants in common." Nothing was said in the statute in force prior to 1847 about dower or curtesy, and it is evident, therefore, that they were disregarded; i. e., they were either unaffected or discharged. In 1847 the act was amended by adding several sections, including *Section* 22, which is as follows:

"A sale of any lands, tenements and hereditarments, pursuant to the provisions of section 14 of this chapter, shall pass to the purchaser thereof a title, free and discharged from all claims by vitrue of any estate or interest in dower or by the curtesy in any undivided share of any joint tenant or tenant in common: Provided, that the person entitled to such interest at the filing of the petition for partition shall have been a party to the proceeding. The Chancellor shall have authority to make all such orders touching the investment and disposal of the proceeds of sale of any share of the premises sold which may be necessary to secure to a person having a right of dower or curtesy in such share, an equivalent interest in the proceeds of sale."

By this section only persons entitled to accrued dower or curtesy were to be made parties, meaning thereby a widow or widower. When partition is sought during the life of her husband a wife was not at that time "entitled" to dower and was, therefore, by necessary implication not included as a necessary party in the proceedings. By the first sentence of the section the sale passed a title clear and discharged of any claim by virtue of any interest or estate in dower, which would include the contingent and inchoate right which she then had.

The rights of a married woman in her husband's property is clearly one of legislative origin in this State, and are subject, therefore, to modification by statute, and all who enter the marriage state after such modifications are made take rights under the law as modified and then existing. In this case it is admitted that the wife of the respondent became such subsequent to 1847, and she is bound by the terms of *Section* 22, and thereby excluded as a necessary party, and her rights to the land are extinguished by the sale of the land. If any injustice is done to married women by so holding, it is a matter for legislative and not judicial remedy.

The prayer of the petition will, therefore, be denied and the sale confirmed.