THOMAS N. BONDURANT *et al.* Appellees, *vs.* MARY E. BON-
DURANT *et al.*—(GEORGE R. TRENCHARD *et al.* Appel-
lants.)

*Opinion filed October 25, 1911.*

1. APPEALS AND ERRORS—*the legislature may authorize appeals
regardless of finality of order.* The right to appeal is purely statu-
tory, and the legislature may authorize appeals upon any condition
and regardless of the finality of the order, judgment or decree.

2. SAME—*an appeal must be prayed within twenty days from
entry of judgment.* The Practice act requires that an appeal be
prayed and allowed at the term at which the judgment or decree
is entered and not more than twenty days from its entry, and a
party is not required, nor can he be permitted, to wait until the
adjournment of the term before praying an appeal.

3. SAME—*an order is appealable regardless of adjournment to
a future day.* An order setting aside a judicial sale is final, and
the right to appeal therefrom is not affected by any power the court
may have to set aside the order at some future time to which the
term is adjourned.

4. SAME—*freehold is involved where judicial sale is set aside.*
An order disapproving and setting aside a trustee's sale of land
prevents the purchaser from obtaining title, and a freehold is there-
fore involved.

5. JUDGMENTS AND DECREES—*when order of court is subject to
review.* Where the parties to a suit enter into a compromise agree-
ment and a trustee is appointed to sell land subject to the approval
of the court, the act of the court in approving or disapproving the
sale is a judicial act and the order is subject to review on appeal.

6. JUDICIAL SALES—*policy of the law requires stability of judi-
cial sales.* It is the policy of the law that there should be stability
of judicial sales in order that property may bring its full value,
and mere inadequacy of price, unless so gross as to amount to evi-
dence of fraud, will not justify the court in disapproving the sale.

7. SAME—*a party asking for re-sale should ordinarily make a
binding advance bid.* A party objecting to the approval of a ju-
dicial sale upon the ground that the sale price was inadequate must
ordinarily make a binding advance bid and bring the money into
court or guarantee against a loss on re-sale.

8. SAME—*irregularities, coupled with inadequacy of price, will
justify disapproval of sale.* If there is illegality or irregularity
sufficient to avoid a judicial sale the court will refuse its approval,

and if there are irregularities, although slight, coupled with an insufficient price, the sale will be set aside.

9. SAME—*rule concerning execution sales should apply to judicial sales in general.* The provision of the statute prohibiting the sale of real estate on execution except between the hours of nine in the morning and the setting of the sun of the same day nor unless the hour for the sale shall have been previously advertised, applies to judicial sales in general.

10. SAME—*failure to advertise hour of sale is a serious irregularity.* Failure to advertise the hour at which a trustee's sale of land shall begin is a serious irregularity, and if the price bid is inadequate the court may disapprove the sale.

11. SAME—*when parties objecting to confirmation of sale need not bind themselves to make an advance bid.* Where a trustee's sale is held in violation of an agreement by the trustee that he would not advertise the sale without notifying the person who was most interested in having the land bring its full value and who was able to buy if given time for the purpose, and the price bid at the sale is inadequate, it is not necessary that the parties objecting to the confirmation of the sale shall bring the money into court or bind themselves personally to make an advance bid.

APPEAL from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

M. R. DAVIDSON, for appellants.

HERRICK & HERRICK, F. M. SHONKWILER, C. F. MANSFIELD, and LEFORGEE, VAIL & MILLER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the September term, 1909, the suit of Thomas N. Bondurant and others against Mary E. Bondurant and others, brought to set aside the probate of an instrument as the last will and testament of Thomas E. Bondurant, was pending in the circuit court of Piatt county. There had been two trials of the issue as to the validity of the will, the first of which resulted in a verdict for the contestants and the second for the proponents, both of which

had been set aside by the court. The parties agreed upon a settlement of the suit, by which the contestants were to take as their share of the estate 2678 acres of land in Kankakee county and the will was to be established as to the residue of the estate. A decree was entered in accordance with the agreement, by which William Dighton was appointed trustee for the contestants and invested with title to the lands, with power to manage, control and rent them, to collect rents after March 1, 1910, and to use the rents and profits to pay taxes, liens and assessments. He was authorized and directed to sell the lands in whole or in part, for cash or upon time, and upon such terms as he should deem best for the interests of the beneficiaries of the trust, and to execute a deed or deeds for the same. There was a mortgage of $50,000 on 2226 acres of the land to the Northwestern Mutual Life Insurance Company, and he was authorized to secure an extension of the loan and to negotiate a new loan. Upon making sale he was directed to pay that mortgage, satisfy the costs and expenses of administering the trust, pay the solicitors for the contestants $15,000 for their fees and pay J. N. Bondurant $10,000 for money expended and services for the contestants, and distribute the residue. The trustee qualified by giving bond as required by the decree, and afterward advertised the lands for sale on November 22, 1910, subject to the approval of the circuit court of Piatt county, but no hour of the day was named when the sale would take place. The sale was held in the afternoon of that day and the lands were struck off and sold to appellants, George R. Trenchard and Louis C. Burgess, for $50,500. The trustee refused to make any report of the sale, and the appellants asked the court for a rule on him to file a report, which he did on December 9, 1910. Objections were filed by beneficiaries of the trust, and at the February term, 1911, the court heard and sustained the objections and set the

sale aside. From the order of the court an appeal was prosecuted to this court.

The appellees have moved the court to dismiss the appeal, and one ground of their motion is that the February term of the circuit court had not yet adjourned when the transcript of the record was filed in this court. They filed an additional transcript showing that the court had adjourned the February term to July 1, 1911. For that reason they say that the order appealed from was not final, but might be set aside during the term when the court should re-convene. The right to appeal is purely statutory, and the General Assembly may authorize appeals upon any condition and regardless of the finality of the order, judgment or decree. The Practice act requires that an appeal shall be prayed and allowed at the term at which the judgment, order or decree appealed from is entered, and not more than twenty days from the entry of such judgment, order or decree. The party appealing is neither required nor permitted to wait until the adjournment of the term to pray an appeal or have it allowed. The order appealed from in this case was final and the right to appeal was not affected by any power the court might have had, if it had any, to vacate the order during the term. Another ground of the motion is, that no freehold is involved in the proceeding and the appeal should have been taken to the Appellate Court. We have repeatedly held to the contrary, as might be readily seen from our decisions. The question determined by the circuit court was whether the sale should be approved and the purchasers invested with title to the lands. The approval would have given the appellants the right to a conveyance and the disapproval prevented them from obtaining the title. (*McCallum* v. *Chicago Title and Trust Co.* 203 Ill. 142; *Barnes* v. *Henshaw,* 226 id. 605.) The freehold is involved and the motion is denied.

Appellees argue that the order is not subject to review because the judge of the court was acting as an umpire or

arbitrator under an agreement of the parties, in the same position as any person selected to determine a question, and therefore his decision was final. There was no agreement of the parties that the judge should act, in a personal or individual capacity, as an umpire or referee, but the trustee having been appointed in a suit pending in the court and having advertised the sale subject to the approval of the court, his report called for judicial action and the exercise of judicial discretion, and the order is subject to review.

The sale brought no more than the amount of the mortgage on 2226 acres of the land, with the accrued interest, which the trustee was required to pay from the proceeds. The evidence in the record shows that the land was worth three times what it sold for. Before the land was advertised, J. N. Bondurant, who was to receive $10,000 for money expended and services for the contestants, had a talk with the trustee and stated that it was a bad time to sell land, and that he was going to Missouri to be gone some time. The trustee agreed that he would not sell the land until he had again communicated with that interested party. In the absence of J. N. Bondurant the sale was advertised, and the only knowledge that he had was by receiving a telegram at Sumner, Missouri, at a time too late to do anything to protect the land. He immediately started for Illinois, and arrived at Paxton, his home, too ill to attend the sale or make any arrangement to safeguard his interest. During the sale he was asked by telephone if he desired to bid, but he had no time to prepare himself to make a bid and pay the cash payment of $10,000. He offered to the court to pay $5000 more than the land brought, at another sale. The sale was well advertised and there was a fair attendance.

The policy of the law, founded on the interest of owners and purchasers alike, is that there should be stability in judicial sales, in order that property may bring its full

value. Mere inadequacy of price will not justify a court in refusing to approve a sale and depriving the purchaser of the benefit of his purchase unless the inadequacy is so great as to amount to evidence of fraud. (*Kiebel* v. *Leick,* 216 Ill. 474; *Barling* v. *Peters,* 134 id. 606.) If the objection to a sale is that the property sold for less than it was worth and a re-sale is asked for to secure more money, the parties objecting to the confirmation should bring the money into court or make a binding advance bid or guaranty against loss on the re-sale. (*Quigley* v. *Breckenridge,* 180 Ill. 627.) If there is illegality or iregularity sufficient to avoid a sale the court will refuse approval, and if there are irregularities, although slight, coupled with an insufficient price, the sale will be set aside. (*Smith* v. *Huntoon,* 134 Ill. 24; *Bach* v. *May,* 163 id. 547; *Miller* v. *McAlister,* 197 id. 72.) In this case there was not only inadequacy of price, but a most serious irregularity, to say the least, in failing to state any hour for the sale. The act in regard to judgments and decrees and the manner of enforcing the same by execution prohibits the sale of real estate by virtue of any execution except between the hours of nine in the morning and the setting of the sun of the same day, nor unless the time (specifying the particular hour of the day at which the sale shall commence) shall have been previously advertised, and manifestly similar rules should apply to judicial sales in general. The party most interested in having the land sold for its value, and who was able to buy if allowed time for the purpose, was assured that a sale would not be advertised without notice to him, and the agreement was violated. Under these circumstances we do not think the parties objecting were bound to bring money into court or to bind themselves personally to make an advance bid. The court did right to refuse to approve the sale.

The order of the circuit court is affirmed.

*Order affirmed.*