BRIDGET M. HENEY,

*vs.*

FRANCIS T. MANION.

*New Castle, Jan. 23, 1924.*

The rule that, where irreconcilably repugnant provisions appear in the same instrument, the later expression of intent prevails, is adopted only as last resort, to avoid complete frustration of testator's wish.

A life estate to a wife, coupled with power to sell, may be reconciled with a later provision of the will that after her death the children take in fee.

Where testator gave his widow all his land during her life, and by subsequent clause all land in W., authorizing her to sell it as might be deemed best by her and convey the fee, and by following clause provided that after her decease all the land was to go to his children, assuming that the wife had only a life estate in land in W., she could, on sale of such land, convey the fee.

BILL FOR SPECIFIC PERFORMANCE of a contract to purchase real estate, heard on bill and answer at the election of the complainant. The facts are set forth in the opinion of the Chancellor.

*William S. Prickett*, for the complainant.

*William Prickett*, for the defendant.

THE CHANCELLOR. The only question presented is whether or not the complainant can convey a good fee simple title to certain lands devised to her by her late husband, Patrick Heney. This calls for a construction of the will of Patrick Heney, which, omitting the formal parts, is as follows:

"Item: (1) I direct my executrix hereinafter named to pay all my just debts and funeral expenses as soon as may be convenient after my decease.

"Item: (2) I give and bequeath unto my wife Bridget M. all my real, personal and mixed property during the term of her natural life.

"Item: (3) I give devise and bequeath unto my wife Bridget M. all my real property in the City of Wilmington aforesaid, and authorize and empower her to sell the same at public or private sale as may seem best and most advantageous to her to do so and make good and sufficient deed or deeds to the purchaser or purchasers thereof in fee simple.

"Item: (4) After the decease of my wife Bridget M. aforesaid I give devise and bequeath unto my Six children Hugh A., Margaret M., Martha C., Dennis F., Mary E. and Annie B. Heney all my real estate share and share alike their heirs and assigns forever.

"And lastly I hereby constitute and appoint my beloved wife Bridget M. Heney sole executrix of this my last will and testament."

The land described in the contract of sale which the bill seeks to have specifically performed was owned by Patrick Heney at the time of his decease and is located in the City of Wilmington. Whether the testator owned land outside of the City of Wilmington is not disclosed either by the bill or answer.

The complainant contends that as to land located in Wilmington, her husband gave to her a life estate with power to sell and convey a fee simple interest.

The defendant contends that the devise to the complainant was of a life estate only, and that because of the fourth item of the will giving to the six children a fee simple interest in "all my real estate" after the death of his wife, the testator manifested an intent repugnant to the existence of a power to sell conferred upon his wife in the preceding item. The argument is that the clause conferring the power is therefore to be regarded as of no effect.

I am unable to accept this argument. It rests on the conception that there is such a repugnancy between the gift of a remainder in fee to the children and the gift to the wife of a power to sell as is irreconcilable, and such being the case the later provision must prevail. It is true that in construing wills where irreconcilably repugnant provisions appear in the same instrument, courts have upon occasions resorted to the somewhat arbitrary rule that the later expression of testamentary intent shall prevail over the earlier. But this rule when followed, is adopted only as a last resort and then only for the purpose of avoiding a complete frustration of the testator's wish.

The will involved in this case, however, does not present a situation which calls for the aid of this rule in the process of construction. There is no irreconcilable conflict between the two provisions referred to. A life estate in the wife coupled with a power to sell may be reconciled with the later provision that after her death the children shall take in fee. Whether, in case the

power is exercised, the widow would be required to preserve the corpus of the proceeds for the benefit of the remaindermen, is a question not involved in this controversy, which concerns only her power to convey a fee simple title to the defendant who has contracted to buy such title from her. It may be that the testator thought that a mere life interest in his estate would not supply to his widow sufficient means for her maintenance, and that in order to make sure that she should in no event feel the pinch of want so long as his real estate could relieve her, he deemed it wise to empower her to sell the entire interest in those of his lands in Wilmington which he had devised to her. Such a disposition of property is by no means unusual. It frequently happens that a life interest is devised with a remainder over in fee, but with a power in the life tenant to dispose of the whole by sale. In such cases courts have found no irreconcilable conflict. The remaindermen are to take only in the event of a failure to exercise the power. This is a condition annexed to the devise to them.

In the instant case the testator expressed as plainly as a man could that he desired his wife to have the power to sell his Wilmington lands and to convey the same to the purchaser or purchasers "in fee simple." The language conferring the power is much more emphatic than that found in the following cases where by construction a power in a life tenant to sell and convey was held valid as against remaindermen: *Roberts v. Lewis*, 153 *U. S.* 367, 14 *Sup. Ct.* 945, 38 *L. Ed.* 747; *Skinner v. McDowell*, 169 *Ill.* 365, 48 *N. E.* 310, 61 *Am. St. Rep.* 183; *Bowser v. Mattler*, 137 *Ind.* 649, 35 *N. E.* 701, 36 *N. E.* 714; *Ernst v. Foster*, 58 *Kan.* 438, 49 *Pac.* 527; *Hemhauser v. Decker*, 38 *N. J. Eq.* 426; *Yetzer v. Brisse*, 190 *Pa.* 346, 42 *Atl.* 677. See also 2 *Schouler on Wills*, § 1246; *Page on Wills*, § 576. The controversy in cases of this kind generally has been whether the power given to the life tenant can have the effect of enlarging the life estate to a fee. But the present case makes it unnecessary to draw this will into that sort of controversy. If it be conceded that the complainant has only a life estate, still the power coupled with it is amply sufficient to enable her to convey a fee simple interest. It is to be observed that in the first item of the will, the complainant is given "all my real * * * property during the term of her natural life."

This language includes real estate in Wilmington, as well as else-where. In the next item the devise to her is of "my real property in the City of Wilmington" with a power of sale. There is here no limitation for life. Standing alone, this item would doubtless be a devise to the widow of the testator's whole interest, if not be-cause of the power annexed, at all events because of our statute (*Revised Code* 1915, § 3243), which provides that a devise without words of limitation shall be construed to pass the testator's entire interest unless a contrary intention appear. In the next and last item, however, the testator devises a fee in remainder to his children in "all my real estate," which of course includes the Wil-mington real estate devised before in fee to his wife, as well as any other he may have had. Now whether, in view of the language of the whole will, it can be said that the testator intended that his children should have an estate in remainder after their mother's life estate only in real property outside of Wilmington, and that as to the Wilmington realty the widow should enjoy a fee simple interest, may be an arguable question. I express no opinion upon it. A material fact in considering such a question would be whether the Wilmington real estate composed all the real estate. This fact as before noted, is not disclosed either by the bill or an-swer. I am content to base my decision upon the assumption most unfavorable to the complainant, viz., that the will gave her a mere life estate in the Wilmington property. This estate, however, had annexed to it a power to sell and convey in fee simple, and this is sufficient, regardless of what might be said with respect to the suggestion that the second item gives her a fee simple interest, to warrant the conclusion that she can convey such an interest to the defendant.

Let a decree be entered in accordance with the prayers of the bill, with costs on the defendant