WILLIAM B. MURPHY and ANNIE B. MURPHY,

*vs.*

JOHN ARTYSIEWICZ.

*New Castle, Nov. 29, 1928.*

*William Prickett*, for complainants.

*James H. Hughes, Jr.*, of the firm of Ward & Gray, for defendant.

THE CHANCELLOR. The complainants derive their title from Patrick Heney who died testate. His will provided *inter alia* as follows:

(a) "Item. I give and bequeath unto my wife Bridget M. all my real, personal and mixed property during the term of her natural life."

(b) "Item. I give, devise and bequeath unto my wife Bridget M. all my real property in the City of Wilmington aforesaid, and authorize and empower her to sell the same at public or private sale as may seem best and most advantageous to her to do and make good and sufficient deed or deeds to the purchaser or purchasers thereof in fee simple."

(c) "Item. After the decease of my wife Bridget M. aforesaid I give, devise and bequeath unto my six children, Hugh A., Margaret M., Martha C., Dennis F., Mary E. and Annie B. Heney all my real estate share and share alike, their heirs and assigns forever."

This will was before this court on another occasion, *Heney v. Manion*, 14 *Del. Ch.* 167, 123 *A.* 183. In that case a question was raised as to whether Bridget M. Heney, the widow of the testator, was given by the will a fee-simple interest in Wilmington lands or simply a life estate. It was found unnecessary to decide the question for the reason that, conceding to her only a life estate, she yet had a power under the will to convey in fee simple which was all the defendant in the suit demanded.

Now the question is again raised as to the quantity of estate which Bridget M. Heney took in the testator's Wilmington lands. (It now appears that he was seised of no lands outside of Wilmington, a fact which did not appear in the other case).

As in the other case, it is again unnecessary to pass upon

the quantity of estate which was devised to Bridget M. Heney by her husband. This is for the reasons which follow.

Bridget M. Heney died March 27, 1927, intestate. Her heirs at law are also the heirs at law of Patrick Heney, as well as the persons who would take under the item of the will marked (c) in case Bridget M. had only a life estate. These persons were all made parties, either as petitioners or as defendants, in a partition cause in the Orphans' Court, and all of them were before the court. The land involved in this suit was duly and regularly sold in accordance with the rules and procedure of the Orphans' Court, the sale was confirmed and the proceeds either paid to or held for the parties respectively entitled. The complainants were the purchasers and received a deed from the trustee who executed the same in obedience to the court's order in that behalf.

The defendant objects that the complainants' title thus derived is not a good fee-simple title. The point of the objection is that the land was described in the petition as land not of Bridget M. Heney but as the land of Patrick Heney. Thus, the point is made that under the will of Patrick Heney, Bridget M. Heney was given a fee-simple interest, not one merely for life, and that the land should therefore have been partitioned as hers rather than as land disposed of by Patrick Heney in item (c) of his will. Inasmuch, however, as the parties to the partition cause were certainly the owners in fee simple, whether in their right as heirs of their mother or in right of the devise to them by their father, it follows that their land in either case was partitioned and their title thereto passed to the purchaser by virtue of the trustee's deed. An error, if such there was, in the recitals of the petition for partition as to the source of the title of the tenants, cannot have the effect of vitiating the proceedings. If any party could by any possibility feel himself injured by the erroneous recital of the source of title by which the described premises were held by them all, objection should have been raised in the partition cause. Objections to partition proceedings much more serious than the one here suggested have been held by the courts of this state to have been foreclosed against parties to partition causes who participated therein to a final conclusion and accepted the same as regularly and properly before the court.

*Stean v. Anderson*, 4 *Har.* 209; *Doe ex dem. Short v. Prettyman*, 1 *Houst.* 334; *Schoen v. McComb*, 4 *Houst.* 213, *affirmed in* 4 *Houst.* 260.

The statute of this state, *Section* 3282, *Revised Code* of 1915, as amended on May 4, 1927, by 35 *Laws of Delaware*, *Ch.* 197, as well as before amendment, provides that a purchase at a partition sale "shall pass to the purchaser of the same [the premises] all the estate and interest of the joint tenants, tenants in common or parceners * * * free and discharged of and from all liens and encumbrances except such as may be paramount to the title of the said joint tenants, tenants in common or parceners," etc.

By force of the statute, then, all the estate and interest of the tenants in common or parceners, as the case may be, all of whom were parties to the cause in partition, passed to the purchasers. Even if the source of their title was misdescribed, nevertheless the title itself which was a fee simple one in one right if not in another, clearly passed.

It thus follows that it is immaterial for the purpose of this case to decide whether the parties to the partition cause possessed their title as heirs of their mother or as devisees of their father.

One thing remains to be said. It is this—if there were creditors of Bridget M. Heney who could not be paid from her personal estate, it would be necessary for the court to go into the question of whether she was given a life estate or a fee-simple one in the premises in question, because in that event the defendants, if forced to take the title, would be liable to find themselves involved in proceedings to sell the lands of Bridget M. Heney for the payment of her debts. But it is admitted that there are no creditors of Bridget M. Heney who could make claim against her lands.

It follows, therefore, that no reason is shown why the defendant should not take the title in accordance with the contract.

Decree accordingly, costs on the defendant.