In the Matter of the Real Estate of:

AVERY R. SHOCKLEY, ELIZABETH HALBIG, MABEL SHOCKLEY GRIFFITH, HERBERT C. SHOCKLEY, WILLIAM H. SHOCKLEY, ELWOOD SHOCKLEY, EMMA SHOCKLEY TOWNSEND, CLARA SHOCKLEY BARKER, ALBERT SHOCKLEY, MARY SHOCKLEY SCHETZLER and AVIS SHOCKLEY.

(*May* 19, 1955.)

LAYTON, J., sitting.

*W. Thomas Knowles* for Petitioners.

*Oliver V. Suddard* for Trustees.

Orphans' Court for New Castle County.

Layton, J.:

Title 25 *Del. C.* § 732 governs partition sales. It states as follows:

"All liens and encumbrances on the estate or interest of any joint tenants, tenant in common or parcener * * * shall be without change or priority, transferred to the interest or share of the joint tenant, tenant in common or parcener * * * in the proceeds of sale."

Counsel concede that the mortgage in question was paramount to the title of the joint tenants. This being so, this Court clearly is without power to enter a decree making any disposition of the mortgage and, it follows, the Trustees were equally without power to announce at the sale that the land would be sold free and clear of the mortgage.

■ Judicial sales of this kind are subject to the principle of *Caveat Emptor*. The purchaser is not entitled to rely upon representations concerning title made by Trustees. In *Re Estate of Wheeler*, 11 *Del. Ch.* 469, 473, 101 *A.* 865. If the sale were confirmed, the purchaser would take subject to the mortgage. But the purchaser appears to have relied in good faith upon the representations of the Trustees and, no rights of creditors having intervened, as was the case in *Re Estate of Wheeler, supra*, I deem it within the equitable powers of this Court to order that the sale be set aside.

■ The Trustees argue that since these petitioners appeared at the sale, heard the Trustees make the announcement and made no protest, they are estopped now to object but the interests of the purchaser are also concerned here. To confirm the sale would automatically cost him over $1100.00 together with interest (the amount of the existing mortgage) in addition to the amount he bid which, for all I know, represents a fair value. It is within my power to do this but I have already indicated my view as to the equities. Even if the petitioners were estopped by their alleged conduct (which I doubt), this would not affect the rights of the purchaser.

An Order will be entered setting aside the sale.

Note: Prior to filing this opinion, the Trustees and purchaser jointly petitioned that this sale be set aside. Although this opinion accomplishes the same result, I granted the prayer of the petition.