In the Matter of the Real Estate of BENJAMIN S. BROWN and EFFIE J. BROWN.

LOUIS GOLDSTEIN, Appellant, v. H. ALBERT YOUNG, TRUSTEE, Appellee.

*(November 5, 1957.)*

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William E. Taylor, Jr.,* for appellant.

*Bruce M. Stargatt* for appellee.

Supreme Court of the State of Delaware, No. 27, 1957.

BRAMHALL, J.:

Petitioner and her then husband were the owners as tenants by the entireties of certain real estate in New Castle County. There was a mortgage on the property, created by them, upon which there was a balance due in the sum of $1,078.59. After a divorce petitioner instituted partition proceedings in the Orphans' Court of New Castle County, asking that Court to order a sale at public auction of the property in question. Appellee was appointed by the Orphans' Court as Trustee and was ordered to sell the property at public auction. At the sale the Trustee caused an announcement to be made by the auctioneer to the effect that the premises would be sold subject to this mortgage. The property was "struck off" by the auctioneer to the appellant as the highest and best bidder.

Subsequent to the bidding, appellant informed appellee that he was doubtful as to whether or not the announcement caused to be made by the Trustee was effective. Thereupon Trustee filed a petition in the Orphans' Court asking that Court to confirm the sale on the terms announced, or, in the

alternative, to set it aside. The Orphans' Court in the exercise of its equitable powers refused to confirm the sale and ordered it set aside. However, that Court did not pass upon the question raised by appellant as to whether or not Trustee was correct in ordering the sale to be made subject to the mortgage; it held that assuming that the Trustee had such authority, there was such an unresolved difference of opinion—as to whether or not the mortgage constituted a paramount lien—as to cause confusion in the mind of the successful bidder and set the sale aside. This appeal followed.

The question presented is whether or not the action of the Orphans' Court in the exercise of its equitable power ordering the sale to be set aside amounted to an abuse of discretion.

We consider first the question of whether or not the mortgage constituted a paramount lien. For some reason there seems to have existed among the Bar in this State some confusion as to when a lien against a property sold under partition proceedings is or is not a paramount lien. If it is, under the appropriate statute in this State and under the practice in the Orphans' Court, the property is sold subject to the lien; if not, the property is sold free and clear of the lien.

The mortgage in question was created by the present title owners. It is a first lien against the property. Appellant contends that under the statute in this State the only lien which is not wiped out by a partition sale in the Orphans' Court is a lien created by a predecessor or predecessors in title to the owner of the property. Appellee, as we understand his argument, contends that a paramount lien is a lien having the highest range or priority, superior to all other liens. He states that if a mortgage has such standing the question of whether or not it was created prior to the title of the present owners or by a predecessor or predecessors in title is of no importance.

To determine this question, we look to the statute. 25 *Del. C.* § 732 provides:

"A purchase of the premises \* \* \* shall pass to the purchaser \* \* \* all the estate and interest \* \* \* free and discharged from all liens and encumbrances except liens and encumbrances as may be *paramount to the title of the joint tenants, tenants in common or parcener* \* \* \*"

The crux of this section is the phrase "paramount to the title of." We think that the meaning of this section is clear and that there is no necessity for construction. As we understand it, all property sold under partition proceedings are free and discharged from all liens and encumbrances with the exception of liens created by a predecessor or predecessors in title to the present owners. We accept the definition cited by appellee as to the meaning of the word "paramount" as defined in *Webster's New International Dictionary* (Second Edition; Unabridged), page 1773 as follows:

"*Paramount* \* \* \* having a higher or the highest jurisdiction; superior to all others; chief; supreme; pre-eminent \* \* \*." Absent the statute, we could accept appellee's contention that the mortgage in question constitutes a first lien, since it is first in priority of time. However, applying that definition to the language of the statute, it is clear that it relates only to liens against the property which are superior to the *title* of the present owners of the property. It is so stated in the statute in simple and clear language. We therefore see no reason for construction.

The reason for this language in the statute is quite clear. In a sale under partition proceedings in the Orphans' Court the successful bidder purchases only the estate and interest of the owner or the owners in the property sold. 25 *Del. C.* § 731. See *Murphy v. Artysiewicz*, 16 *Del. Ch.* 236, 144 *A.* 44. Although there is no guarantee of a valid title, the Orphans' Court in the exercise of its equity jurisdiction, if timely objection is made, would refuse to confirm a sale in a case where the title was shown to be defective. *Dure v. Sharpe*, 12 *Del. Ch.* 1, 114 *A.* 207. It has long been a practice in the Orphans' Court

in partition proceedings that a search be made for liens against the property in question in the name of the parties to the proceedings. Rule 35 of that Court provides that at the time of making return of sale the Trustee shall "exhibit to the Court a certificate from the Recorder of Deeds, Phothonotary, Clerk of the Orphans' Court, and Clerk of the District Court of the United States for the district of Delaware showing searches for liens in their respective offices against the parties entitled to *shares of real estate sold* * * *." There is no necessity for the Court to require a search of the title or a search for liens against the property in the name of predecessors in title; it is the responsibility of the prospective purchaser prior to the confirmation of the sale to inquire into the validity of the title and the liens and encumbrances against the property.

Even though we have held that the mortgage in question was not a paramount lien and that the Trustee in announcing that the property would be sold subject to the mortgage was in error, we must still consider whether or not the lower court should be reversed for abuse of its discretion in setting aside the sale. That Court rested its decision on the grounds (1) that the bidding had been chilled by the Trustee's announcement; and (2) that there was a bona fide and unresolved difference of opinion as to the meaning of the statute. Appellant contends that this action on the part of the lower court amounted to an abuse of discretion sufficient to warrant reversal.

We think that the Orphans' Court in setting aside the sale was acting within the limits of its discretion, under the general equity powers conferred upon it by statute, and that its decision should not be disturbed. The determination of that Court that there was a conflict of understanding at the sale is supported by a number of factors: (1) the announcement by the Trustee that the property would be sold subject to the mortgage; (2) the contention of appellant, in spite of the announcement of the Trustee, that he was bidding on the property with the understanding that it was being sold free and clear of all liens; (3) the fact that at least two other bidders

were bidding on the property as being sold subject to the mortgage, in accordance with the Trustee's announcement; (4) the fact that the bid of the next highest bidder was based upon the assumption that the land was encumbered with a $1,000 lien.

■ Courts in equity in general have control over sales made under their decrees. Under such authority, in the interest of justice, they may vacate a sale in partition even upon grounds which would not be sufficient to confer upon a party an absolute legal right to a resale. Such matters lie within the sound discretion of the Chancellor. *In re Shockley's Real Estate*, 10 *Terry* 262, 114 *A.* 2d 533; *Leahy v. Leahy*, 116 *Misc.* 330, 189 *N. Y. S.* 897; *Taylor v. Wilson*, 233 *Ala.* 182, 170 *So.* 833; *Kiebel v. Leick*, 216 *Ill.* 474, 75 *N. E.* 187. See 68 *C. J. S. Partition* § 196, p. 325; 40 *Am. Jur., Partition* § 84, p. 75. In this State it is provided by statute (25 *Del. C.* § 751) that the Orphans' Court shall have general equity power—in addition to the jurisdiction and powers otherwise conferred upon it—in partition proceedings and to make any order or decree not inconsistent with the provisions of that section or matters incidental or pertaining thereto, "which the right or the justice of the cause may demand." This authority has been affirmed in this State in a number of decisions of our lower courts. *Whitehead v. Whitehead*, 21 *Del. Ch.* 436, 181 *A.* 684; *Wilson v. Lank*, 12 *Del. Ch.* 413, 107 *A.* 777; *Warner v. Logue Realty Co.*, 11 *Del. Ch.* 474, 107 *A.* 449; *In re Shockley's Real Estate, supra.* No subsequent purchaser of the property or lien holder was prejudiced.

Appellant was not prejudiced by the setting aside of the sale because he has made no attempt to comply with the terms thereof as announced by the Trustee. To confirm the sale in the manner requested by appellant would have deprived the owners of the property of the benefit of a bid by the next highest bidder at a sum, in effect, approximately $1,000 higher than appellant's bid. It would have been unfair not only to the owners but to other bidders who were interested in purchasing the

property. Under these circumstances, we think that the question was one within the sound discretion of the Orphans' Court and that its decision should not be disturbed.

The judgment below will be affirmed.