JOHN SKINNER et al.

v.

ᶜ EDWARD C. McDOWELL et al.

Opinion filed November 8, 1897.

1. WILLS—*life estate may be created with power to dispose of the fee.*
A life estate may be created by will, with power to dispose of the
fee, and the remainder be limited over to another after the termi-
nation of the life estate.

2. SAME—*clause of will construed as creating a life estate with remain-
der in fee.* A clause in a will leaving the testator's property to his
wife, "to be sold, retained and exchanged, used and managed by
her as she may think proper, during her life," with the expressed
desire that she "make some arrangement" to divide what might
remain after her death equally among the children, passes a life
estate to the wife with remainder to the children, but with power
in the wife to dispose of the fee.

WRIT OF ERROR to the Circuit Court of Fulton county;
the Hon. JEFFERSON ORR, Judge, presiding.

This is a bill in chancery by John Skinner and others,
against Ruth McDowell, Edward C. McDowell, Ellen D.
Hasson, Charles McDowell and Alonzo McDowell, in the
circuit court of Fulton county, to enforce the collection
of certain judgments at law before that time rendered in
their favor against Ruth M. McDowell and others, part-
ners, as Turner, Phelps & Co., bankers.

Ruth M. McDowell, as the wife of Reuben R. McDow-
ell, deceased, held certain lands in that county by virtue
of the following clause of the last will of her husband:
"That all the residue of my estate, personal and real,
shall be held by my wife, Ruth M. McDowell, to be sold,
retained and exchanged, used and managed by her as she
may think proper, during her life; and in case anything
may be left after her death, it is my desire that she shall
make some arrangement to have it equally divided among
our children, John R., Edward C. and Ellen D. Hasson,
as aforesaid."

The bill alleges that Ruth M. McDowell had been a member of the above named banking partnership, and that certain judgments had been rendered against it in favor of complainants; that the partnership was then insolvent; that executions had been issued against the members of the partnership, and that Ruth M. McDowell had rendered a schedule of her property, showing none subject to the executions, whereupon a levy was made upon the lands so held by her. It is then alleged that, after the summons was served upon her, she, for the purpose of hindering and delaying the collection of said judgments, fraudulently confessed herself to be indebted to E. C. McDowell in the sum of $7000, and to secure the same executed a mortgage upon the lands levied upon; that she also fraudulently executed a second mortgage to James M. Stewart and G. K. Linton, to secure an indebtedness of $3000 in their favor. It is further averred that the defendants, Ellen D. Hasson, Edward C. McDowell, Charles McDowell and Alonzo McDowell, claim to have a vested interest in the lands in reversion, remainder or as residuary legatees, or in some other way. The prayer is that said mortgages be canceled, and that it may be found that the said defendants, Ellen D. Hasson, Edward C. McDowell, Charles McDowell and Alonzo McDowell, have no right, title, claim or interest in the lands, and that they may be held subject to the executions. During the pendency of the suit the widow, Ruth M. McDowell, died, and a decree was entered directing the suit to be thereafter prosecuted against all the defendants except said Ruth M. McDowell.

The defendants, Ellen Hasson, Edward C., Charles and Alonzo McDowell, filed their answers denying the fraud alleged, and averring that they had at the commencement of the suit, and still have, a valid legal claim, title and interest in the lands. In defense of that claim the defendants, upon the hearing, introduced in evidence and relied upon the foregoing clause of the will. The bill was

dismissed for want of equity, and complainants bring the cause to this court on error.

WINTER & WINTER, for plaintiffs in error:

Where the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of apportionment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift. *Hamlin* v. *Express Co.* 107 Ill. 445; *Fairman* v. *Beal*, 14 id. 244; *Friedman* v. *Steiner*, 107 id. 125; 2 Redfield on Wills, 277.

If there be an absolute power of disposition given by will to the first taker, the remainder over is void as a remainder because of the preceding fee, and it is void by way of an executory devise because the limitation is inconsistent with the absolute power of disposition expressly given or necessarily implied by the will. 4 Kent's Com. 270.

An estate in fee will pass by general devise unless a contrary intention shall appear by the will. 2 Jarman on Wills, (5th ed.) 288.

W. L. VANDEVENTER, and S. B. MONTGOMERY, for defendants in error:

A power of absolute disposal or sale annexed to a devise of a life estate, with nothing more, does not enlarge it to an estate in fee. *In re Cashman*, 134 Ill. 88; *Walker* v. *Pritchard*, 121 id. 221; *Hamlin* v. *Express Co.* 107 id. 443; *Bland* v. *Bland*, 103 id. 11; *Bergen* v. *Cahill*, 55 id. 160; *Ducker* v. *Burnham*, 146 id. 18; *Funk* v. *Eggleston*, 92 id. 515; *Crozier* v. *Hoyt*, 97 id. 23; *Kaufman* v. *Breckinridge*, 117 id. 305; *Fairman* v. *Beal*, 14 id. 244; *Henderson* v. *Blackburn*, 104 id. 227; *Markillie* v. *Ragland*, 77 id. 98; *In re Cashman*, 28 Ill. App. 350; *Smith* v. *Bell*, 6 Pet. 68; *Lomax* v. *Shinn*, 162 Ill. 124.

When a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only co-extensive with the estate which the devisee takes under

the will, and means such a disposal as a tenant for life could make, unless there are words clearly indicating that a larger power was intended. *Boyd* v. *Strahan*, 36 Ill. 355; *Burnett* v. *Lester*, 53 id. 333; *Mulberry* v. *Mulberry*, 50 id. 67; *Brant* v. *Coal and Iron Co.* 93 U. S. 326; *Giles* v. *Little*, 104 id. 291; *Henderson* v. *Blackburn*, 104 Ill. 227.

A general power of disposition existing as a power, does not imply ownership. In fact, the existence of such a power, as a technical power, excludes the idea of an absolute fee simple in the party who possesses the power. *Goodill* v. *Brigham*, 1 Bos. & Pul. 197.

In the construction of clauses in a will conferring a power of sale or appointment, the intention of the testator is always to be sought and regarded as studiously and diligently as in regard to any other provision of the will. *Smyth* v. *Taylor*, 21 Ill. 296.

Mr. JUSTICE WILKIN delivered the opinion of the court:

We think the merits of this controversy turn upon one question, viz.: what is the legal effect of that clause of the will of Reuben R. McDowell granting to his widow the residue of his estate, "to be sold, retained and exchanged, used and managed by her as she may think proper, during her life; and in case anything may be left after her death * * * she shall make some arrangement to have it equally divided," etc.? If it gives the widow but a life estate in the lands in question, vesting in his children a remainder subject to be defeated by an exercise of the power annexed to that life estate, then the lands are not subject to the judgments against the widow, and complainants have no standing in court.

It seems to be the contention of counsel for plaintiffs in error that the language of the will grants to the wife an estate in fee, without any remainder over, upon any condition, to the heirs of Reuben R. McDowell, and reliance is placed upon Redfield on Wills (vol. 2) to sustain the position. The rule there announced is, "that where the devi-

see has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of apportionment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift." We think counsel in error as to the application of that rule to this cause. Here the "first gift," or estate of the first taker, is *"for life."* True, the life tenant is given the right to sell, retain, exchange, use and manage it "as she may think proper," but under the decisions of this State her title is not thereby enlarged into a fee. The rule is well established by our decisions that a life estate may be created with power to dispose of the fee, and limit a remainder after the termination of the life estate. The power of absolute disposition annexed to a life estate does not enlarge it into an estate in fee. (*Kaufman* v. *Breckinridge,* 117 Ill. 305; *Henderson* v. *Blackburn,* 104 id. 227; *In re Estate of Cashman,* 134 id. 88; *Walker* v. *Pritchard,* 121 id. 221.) From the language, "in case anything be left after her death," it is also manifest that the testator intended his wife to have the right to absolutely dispose of the property, even beyond her death, if she deemed it necessary and proper. That, she did not do. She died without disposing of the property, or even making any "arrangement" for its disposition, as indicated by the testator. Her life estate and all power over the property were then at an end, and, of course, the property was not subject to be levied upon by her creditors.

Our conclusion upon this point makes it unnecessary to discuss the allegations of the bill charging fraudulent conveyances by the widow. To admit that the mortgages mentioned were fraudulent and set them aside could in no way benefit complainants.

We are satisfied the decree of the circuit court dismissing the bill was right, and should be affirmed.

*Decree affirmed.*