LULU C. KIRKPATRICK *et al.*

*v.*

CLARK KIRKPATRICK *et al.*

*Opinion filed June 19, 1902.*

1. WILLS—*when will passes life estate with power to sell.* A devise of certain property to the testator's wife "during her life, to manage, rent or sell, as she may direct," invests the wife with a life estate with power to sell the fee.

2. SAME—*when limitation over prevents life estate from enlarging to a fee.* If a life estate is clearly given to the first taker with power to sell the fee, and there is a limitation over, the limitation will control the operation of the power and prevent it from enlarging the estate to a fee.

3. SAME—*when word "request" is expressive of the testator's will.* If the testator uses the word "request" in the bequest of his personal property, the devise of the remainder of his real estate and in nominating the executors, the word is expressive of his will and purpose, and must be given that meaning in connection with the devolution of title to his real estate.

4. SAME—*acceptance of life estate bars widow's dower in other property.* The acceptance by the widow of a devise of a life estate in certain real estate bars her dower in land otherwise devised, and the devise as to such other land becomes operative at testator's death.

5. SAME—*estates vest at the earliest possible moment unless a contrary intention appears.* It is the policy of the law that estates shall become vested at the earliest possible moment, unless a contrary intention appears.

6. SAME—*clause construed as to who will take.* If the testator divides his personal property into five equal portions, which he bequeaths to named persons, gives a life estate in certain property to his wife with power to sell, and then provides that "after her death, if not already disposed of, I request that the property, together with any other real estate I may own, shall go to the heirs in equal portions, as heretofore mentioned," the words "heretofore mentioned" do not refer to the persons named but to the words "equal portions," and hence pass the remainder to all the heirs-at-law of the testator.

7. SAME—*when devisees will take per stirpes.* If there is nothing in the will to indicate that a devise to the "heirs" of the testator is to be other than such as an heir would take under the statute, the devisees will take *per stirpes.*

8. SAME—*when widow of deceased devisee is entitled to dower.* If a devisee becomes seized of an undivided interest in land under a

will, and his then wife is subsequently divorced for his fault and there is no provision in the decree barring her right to dower, she is entitled to dower in such interest after his death.

9. SAME—*dower right does not attach to interest in remainder.* Dower does not attach to realty in which the husband has an interest in remainder unless particular estate terminates during coverture.

10. REMAINDERS—*when remainder is not contingent.* If an estate for life is given to the widow with power to sell and with remainder over in case the power is not exercised, the remainder is not contingent, but vests subject to the exercise of the power.

11. POWER—*when power to sell is not exercised.* Where a will gives the widow power to manage, rent or sell the property in which she has a life estate, and there is a limitation over to the heirs of the testator, such power cannot be exercised by means of a will, wherein the widow devises the property to certain children of the testator and expressly excludes others.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

TRAVOUS, WARNOCK & BURROUGHS, (S. T. G. SMITH, of counsel,) for appellants:

A power of disposition attached to a life estate will not enlarge it into a fee. *Skinner* v. *McDowell,* 169 Ill. 365; *Walker* v. *Pritchard,* 121 id. 221; *Hamlin* v. *Express Co.* 107 id. 443; *Ducker* v. *Burnham,* 146 id. 9; *Henderson* v. *Blackburn,* 104 id. 227; *Kent* v. *Morrison,* 10 L. R. A. 758; *Burleigh* v. *Clough,* 13 Am. Rep. 23; *Funk* v. *Eggleston,* 92 Ill. 515; *Fairman* v. *Beal,* 14 id. 244.

The word "heirs" will not be construed in a technical sense if the context shows it was not so intended. *Seymour* v. *Bowles,* 172 Ill. 521; *Griswold* v. *Hicks,* 132 id. 494; *Fishback* v. *Joesting,* 183 id. 463; *Smith* v. *Kimball,* 153 id. 368; *Bland* v. *Bland,* 103 id. 11.

If not explained by the context, the rule that it must be construed in its technical sense will be rigidly adhered to. *Richardson* v. *Miller,* 62 Ill. 417; *Gauch* v. *Insurance Co.* 88 id. 256.

Where a testator provides his estate shall be equally divided among his heirs-at-law, they will take *per stirpes.* *Kelley* v. *Vigas,* 112 Ill. 242; *Thomas* v. *Miller,* 161 id. 60.

197—10

John G. Irwin, for appellees:

The words employed by a testator in his will must be presumed to have been used in their strict and primary sense, unless the context shows them to have been used in a different sense. When not thus explained, their legal and technical sense or meaning will be enforced. Thus, the word "heirs," unexplained by the context, will be held to mean the persons appointed by law to succeed to the estate in case of intestacy. Parol evidence to supply the sense in which they are alleged to have been used is not admissible. *Gauch* v. *Insurance Co.* 88 Ill. 256; *Richards* v. *Miller*, 62 id. 417; *Kelley* v. *Vigas*, 112 id. 246.

The term "heirs" must be used as a mere designation of one or more individuals, or a new import given to it by super-added or engrafted words of limitation varying its sense and operation, in order to make it a word of purchase. *Carpenter* v. *VanOlinder*, 127 Ill. 48.

If land be devised with general power to dispose of the same, an estate in fee simple passes; but if it be a devise for life, with provision that "at her death she may dispose of it as she pleases," a life estate, only, passes. *Funk* v. *Eggleston*, 92 Ill. 532; *Wolfer* v. *Hemmer*, 144 id. 561; *Welsch* v. *Bank*, 94 id. 560; *Williamson* v. *Turner*, 164 id. 407.

In the construction of a will the law favors the heir, who is not to be disinherited by conjecture, but only by express words or necessary implication. 29 Am. & Eng. Ency. of Law, 352; *Walker* v. *Parker*, 13 Pet. 166; *Mullarky* v. *Sullivan*, 136 N. Y. 227.

The words "in equal portions" import intention and cast the title upon the heirs per capita. *Richards* v. *Miller*, 62 Ill. 425; *Kelley* v. *Vigas*, 112 id. 224; *Best* v. *Faris*, 21 Ill. App. 51.

There is no such thing as dower in a remainder. *Kellett* v. *Shepard*, 139 Ill. 449; *Strawn* v. *Strawn*, 50 id. 34.

The presumption is that the ancestor intends his property shall go where the law carries it—in the channel of natural descent. To divert it from this channel

and send it in a different one requires plain words to that effect. Of two equally probable interpretations of a will, that one is to be adopted which prefers the heir or next of kin of the testator to strangers. *Downing* v. *Bain*, 24 Ga. 372; *Wright* v. *Hicks*, 12 id. 155.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition for the partition of lots Nos. 193 and 195 and out-lot No. 44, in the city of Edwardsville, Madison county, and the north half of section 33, town 13, south, range 2, west, in Union county. One Hugh Kirkpatrick died seized of the title to these lots and the land. Said Hugh Kirkpatrick died May 29, 1895, leaving a last will and testament, which, so far as is important to be here considered, is as follows:

"That after my decease and funeral expenses are paid, which should not exceed $100, and an amount not to exceed $350 for the erection of a suitable monument on my lot in Woodlawn cemetery, I request that all the money, consisting of notes, bonds or bank deposits that I may possess, shall be divided in five equal parts and distributed as follows: One share to William Kirkpatrick or his heirs; one share to Clark or his heirs; one share to Harry; one share to Mamie, and one share to my daughter-in-law, Lulu C. Kirkpatrick; but having already given her the sum of $1500 in behalf of my deceased son, Frank, this amount shall be deducted from her share. The property known as the St. James Hotel, situated on lots Nos. 193 and 195, together with all the furniture and fixtures, except the piano, which belongs to Mamie, I give to my wife during her life, to manage, rent or sell, as she may direct. After her death, if not already disposed of, I request that the property, together with any other real estate that I may own, shall go to the heirs in equal portions, as heretofore mentioned. And also I request that my wife and my son William execute the will in accordance with the wishes herein expressed, and that they

shall not be required to give bond for the faithful performance of the same."

Prior to the execution of the will, Frank Kirkpatrick, a son of said testator, departed this life, leaving the appellant Lulu Kirkpatrick his widow, and two children, both of whom died in infancy in January after the death of the testator. After the death of the testator, Anna, wife of his son William, mentioned in the will, was on January 30, 1899, granted a divorce from her husband because of the wrong of the husband.

Ruth Kirkpatrick, widow of the testator, rented and used said lots Nos. 193 and 195, being the St. James Hotel property, during her lifetime, but did not sell or convey the same to any one. She died July 4, 1900, leaving a last will and testament, in which she devised all her property, of every kind and character, to her four children, William, Harry and Clark Kirkpatrick and Mamie Keller. The will also contained the following:

"It is my purpose and intention by this clause of my will to pass title to lots 193 and 195 on Main street, in the city of Edwardsville, and the hotel building, and all appurtenances thereto belonging, which is upon said lots, and to all furniture and fixtures therein contained, and to exclude the widow of my deceased son, Frank, and her heirs, from all interest therein. One reason for this is, that advancements were made to her after my deceased husband made his will which it was his intention should be charged to her; and another reason is, that since his death all the children of my deceased son, Frank, have died, and I know that under existing circumstances my husband would have disposed of it as this will does, and I therefore dispose of it in that way by virtue of the power conferred upon me by the will of my deceased husband, Hugh Kirkpatrick."

After the death of said Ruth, William Kirkpatrick departed this life, leaving no child, children or descendants thereof, or widow,—Anna, one of the appellants,

who was his wife, having obtained a divorce from him, as before stated. The chancellor found and decreed that neither of the appellants, Lulu or Anna Kirkpatrick, had any interest, of any nature or kind, in the real estate of which said Hugh Kirkpatrick died seized. This appeal questions the correctness of the decree.

The gift found in the will of said Hugh Kirkpatrick of lots 193 and 195 to his wife, Ruth, "during her life, to manage, rent or sell, as she may direct," invested her with a life estate, with power to sell the fee. The doctrine that when there is a devise of an unlimited power of disposition of an estate in such manner as the devisee may direct, a limitation over is inoperative because of its repugnancy to the principal devise, has no application in the case of this will, for the reason the will expressly gives the devisee an estate "during her life." (*Welsch* v. *Belleville Savings Bank*, 94 Ill. 191; *Hamlin* v. *United States Express Co.* 107 id. 443.) When a life estate is clearly given to the first taker with power to sell and a limitation over, the limitation will control the operation of the power and prevent it from enlarging the estate to a fee. (4 Kent's Com.—13th ed.—p. 617, *536.) "The power of absolute disposition annexed to a life estate does not enlarge it into an estate in fee." (*Skinner* v. *McDowell*, 169 Ill. 365.) In the bequest of his personal property, in the devise of the remainder in his real estate and in the nomination of the executors of the will, the testator employs the word "request" as expressive of his will, purpose and desire. The word must therefore be given that meaning in that portion of the will which directs the devolution of the title to his real estate. That clause is as follows: "After her death, if not already disposed of, I request that the property, together with any other real estate that I may own, shall go to the heirs in equal portions, as heretofore mentioned." This clause controls the disposition of the Union county land and said out-lot 44 in Edwardsville, as well as said lots 193 and 195,—the

hotel property. On the death of the testator this clause
became presently operative as to the Union county land
and the out-lot 44. The clause cannot be given the con-
struction that as to said land and said out-lot the will
did not become effective until after the death of Ruth
Kirkpatrick, the widow. The will gave her power to
rent and manage or to sell lots Nos. 193 and 195, but
conferred no authority whatever to her over the Union
county land or the out-lot No. 44. The devise to the
widow of the life estate in lots Nos. 193 and 195 having
been accepted by her, barred her dower in the land in
Union county and in the out-lot. (*Scheible* v. *Rinck*, 195
Ill. 636.) There was no life estate or other intervening
estate in the Union county land or in the said out-lot
No. 44, and no power was given to the widow to sell
them or rent or manage them, and no reason the fee title
to those properties should not become vested at once,
on the death of the testator, in those entitled to take as
devisees under this clause of his will. It is the policy of
our law that estates shall become vested at the earliest
possible moment, unless a contrary intention appears.
(*Kellett* v. *Shepard*, 139 Ill. 433.) The true construction of
the clause in this respect is, that at the death of the tes-
tator any and all real estate of which the testator should
die seized, other than that which, under the will, the
widow, Ruth, had power to manage, rent or sell during
her lifetime, should go to the heirs of the testator in like
equal portions as he had disposed of his personal prop-
erty, and that after the death of the said Ruth lots Nos.
193 and 195, if the same had not been disposed of by her,
should go to the same persons to whom the land and the
out-lot would pass under the devise. The title to the
Union county land and the out-lot vested at once upon
the death of the testator. We may therefore inquire in
whom such title vested.

The contention of the appellees is, that the persons
who are to take the real estate under this clause are

those persons mentioned in the preceding clause of the
will as entitled to take shares of the personal property
and who are also "heirs"·of the testator.  Their interpre-
tation of the clause is, that the words "heretofore men-
tioned," in the clause, refer to the word "heirs" in the
same clause, as if the clause read, "the real estate I may
own shall go to the heirs heretofore mentioned, in equal
portions."  We do not agree with this view.  We think
the words "heretofore mentioned" refer to the words
"equal portions," and that the meaning of the clause is,
that the lands shall pass by the devise to the legal heirs
of the ancestor in five equal portions, as did the personal
property.  True, he gave one of the five portions of the
personal property to Lulu Kirkpatrick, who was not one
of his heirs, and the clause declares that the real estate
shall descend in equal one-fifth parts, as did the personal
property.  But the clause does not declare the real es-
tate shall pass to the same persons who were to receive
the personal property, but, on the contrary, that it shall
go to the heirs of the testator.  The appellant Lulu
Kirkpatrick was not one of his heirs, and therefore not
a devisee of any of the real estate of which the testator
died seized.  The testator was not learned in the law.
He wrote the will without legal advice or assistance.
He divided his personal property on the principle *per
stirpes*.  The intention is, we think, to be gathered from
his will that he intended the lands to go in equal por-
tion to his heirs, *per stirpes*—not per capita.  The devise
is to his heirs.  The interest each heir shall take is fixed
by the statute in case of intestacy.  There is nothing
in the will to indicate the devise to the "heirs" of the
testator was to be other than such as an heir would take
under the statute.  In such state of case the devisees
should take *per stirpes*.  *Kelley* v. *Vigas*, 112 Ill. 242.

Nor can the clause be construed, as counsel for ap-
pellees urge, to disclose that it was the intention of the
testator that the persons entitled to take as devisees

were such, only, of the persons mentioned in the clause bequeathing the personal property as were also "heirs" of the testator. This construction would operate to disinherit the two children of Frank and grandchildren of the testator who were living at the time of the execution of the will and at the time of the death of the testator but who are not mentioned in the will. This result is never permitted unless the intention to disinherit is expressly declared in the will or results as a necessary implication from the language employed therein. (*Taubenhan* v. *Dunz*, 125 Ill. 524.) There are no express words of disinheritance, nor do we think that intention is necessarily implied from anything found in the will. Upon the contrary, if the words "as heretofore mentioned" are held, as we think they must be, to refer to and qualify the words "equal portions," then the word "heirs" in the clause in question will be given effect without qualification, and will be necessarily held to include all the heirs-at-law of the testator, and thus no legal heir will be deemed to be disinherited.

The testator left surviving him three sons, one daughter and two grandchildren, the children of his deceased son, Frank, who was the husband of the appellant Lulu. His real estate would descend to them, as his heirs-at-law, in the absence of a will, *per stirpes*, in equal, undivided one-fifth parts, the grandchildren taking the share of their father. William D. Kirkpatrick was one of said sons of the testator, and upon the death of the testator said William became seized of an undivided one-fifth interest in the Union county land and in out-lot No. 44. The appellant Anna was then the wife of said William, but was afterwards divorced from him for his fault and the decree contained nothing affecting her right of dower. She was entitled, after his death, to dower in any land of which he was seized at the time of the entry of the decree of divorce. (*Gordon* v. *Dickison*, 131 Ill. 141; *Adams* v. *Storey*, 135 id. 448.) He died in 1901, and her right to

dower became consummate upon his death. The chancellor erred in denying her right to dower in an undivided one-fifth interest in the Union county land and a like interest in dower in said out-lot No. 44.

The devisees of the remainder created by the will in lots Nos. 193 and 195 took vested interests subject to the power given said Ruth, the widow, to sell the lots. It was uncertain whether the power would be exercised, and therefore uncertain whether either of the lots would be left, at the death of said Ruth, to go to the remaindermen, but the remainder was not contingent because it was uncertain whether the power would be exercised. The remainder vested subject to the power. (*Ducker* v. *Burnham*, 146 Ill. 10.) But at the time of the divorce the life estate in Ruth had not been terminated, and the right of said Anna to dower did not attach to the interest of her husband in said lots 193 and 195, for the reason dower does not attach to realty in which the husband has but an interest in remainder, unless the particular estate terminates during coverture. (*Strawn* v. *Strawn*, 50 Ill. 33; *Kellett* v. *Shepard*, 139 id. 433; 10 Am. & Eng. Ency. of Law,—2d ed.—134.) Anna was therefore not entitled to be endowed in said lots Nos. 193 and 195.

At the time of the death of the testator, two children of Frank, the deceased son of the testator and husband of the appellant Lulu, were living. They were, as we have seen, devisees under the will, and upon the death of the testator became seized, as tenants in common, of an undivided one-fifth interest in the Union county land and of a like estate in said out-lot 44. They both died in infancy, leaving no heir other than their mother, the appellant Lulu. She inherited the undivided one-fifth interest in the Union county land and in said out-lot No. 44 owned by them, and the court erred in decreeing otherwise.

It then but remains to be determined whether the power of disposition of lots Nos. 193 and 195, which was vested in said Ruth, the widow of the testator, was ex-

ercised by the execution of the will by said Ruth devising the lands to certain of the children of the testator and herself. If the execution of the will was a valid exercise of the power, then the devisees in her will would take the title to those lots, and no title thereto would inure to the appellant Lulu.

The two children of Lulu, as we have seen, were, upon the death of the testator, vested with an undivided one-fifth interest in these lots 193 and 195, subject to the power with which their grandmother, Ruth, was invested by the will to sell the lots. The power given in the will is to sell the lots. No attempt was made to dispose of them in that manner. The later provision in the will, that "after her death, if not already disposed of, I request," etc., cannot be construed to give Ruth any additional estate or power of disposition. The true meaning is, "if not disposed of" in the manner authorized in that part of the will which confers power of disposition. We have seen that the power of absolute disposition annexed to a life estate does not enlarge it into an estate in fee. Ruth had not the fee, and consequently was not clothed with the right to devise the lots as owner of the fee title thereto. The power which she took under the will was to sell the lots, and was limited to a disposition of the lots by sale thereof. A sale of property presupposes a contract of sale or some transaction in the nature of a contract of sale, absolute or conditional, as a mortgage, and based upon a consideration. The sale of real estate can only be consummated by the execution of a deed. Power to make disposition by sale confers the right to dispose of the land by a deed, and, by implication, power to make disposition by gift, as a devise in a will, must be regarded as excluded where the power expressly given is to sell. (*Kent* v. *Morrison*, 10 L. R. A.—Mass.—758.) It is, moreover, clearly shown by the express declarations in the will of said Ruth that she did not execute her will as in obedience to the will of her husband, but that she

sought to thereby pervert the power given her to sell the property to the purpose of defeating the devolution of the title to the lots to the persons intended in the will of the husband to receive such title in the event she should not sell them. Ruth understood the will of her husband as we have interpreted and construed it, and executed her will for the purpose of preventing the will of her husband from going into effect as to the heirs of the children of Frank, the deceased son of the testator. In her will the widow, Ruth, expressly declared that her purpose and intention in executing the will is to exclude "the widow of my deceased son, Frank, and her heirs, from all interest" in the lots 193 and 195, and states as a reason therefor, "that since his [the testator's] death all the children of my deceased son, Frank, have died, and I know that under the existing circumstances my husband would have disposed of it [the lots] as this will does, and I therefore dispose of it in that way by virtue of the power conferred upon me by the will of my deceased husband, Hugh Kirkpatrick." This will cannot be regarded as an exercise of the power of disposition given in the will of Hugh Kirkpatrick.

On the death of the testator an undivided one-fifth interest in said lots 193 and 195 in Edwardsville became vested in the two children of Frank, the deceased son of the testator, the husband of the appellant Lulu, subject to the power of Ruth to dispose of the same by sale. That power was not exercised. The title which vested in these two children descended, by reason of their death, to their mother, the appellant Lulu Kirkpatrick. The court should have found that said appellant Lulu was entitled to an undivided one-fifth of all the real estate of which Hugh Kirkpatrick died seized.

The decree is reversed and the cause will be remanded to the circuit court for further proceedings consistent with this opinion.　　　*Reversed and remanded.*