(No. 12344.—Reversed and remanded.) ·

THURLOW H. PRATT, Admr. Appellee, *vs.* LUCY WING SKIFF *et al.*—(THE WOMAN'S BOARD OF MISSIONS OF THE INTERIOR, Appellant.)

*Opinion filed October 27, 1919.*

1. WILLS—*codicil must be construed with will.* The purpose of a codicil is to alter, enlarge or restrain or to explain, confirm and re-publish the provisions of the will, and the codicil does not supersede the will but is a part of it and is to be construed with it as one entire instrument.

2. SAME—*power of disposition is not larger than estate devised unless clearly indicated.* Where a power of disposal accompanies a bequest or devise of a life estate the power of disposal is only co-extensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make unless there are other words clearly indicating that a larger power was intended.

3. SAME—*remainder may be limited after life estate in personal property.* A testator may bequeath a life estate in personal property to another and limit a remainder after it.

4. SAME—*life estate in money requires security from life legatee.* Where a life legacy consists of money, courts of chancery require security from the life legatee although he is a responsible party and there is no showing that there is danger of the money being wasted, and the money will not be paid to the life tenant without security unless the will clearly discloses that such was the testator's expressed intent.

CARTWRIGHT and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

WORTHINGTON, REEVE & GREEN, for appellant.

WILSON & BUTLER, for appellee.

JULIAN P. LIPPINCOTT, for Daisy Emrich Charlesworth.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Thurlow H. Pratt, administrator with the will annexed of the estate of Addie Wing Williams, deceased, filed a bill in chancery to the April term, 1918, of the Morgan county circuit court against the heirs, devisees and legatees of the testatrix for the purpose of obtaining a construction of her will.

The testatrix, Addie Wing Williams, died December 3, 1916, leaving as her only heirs-at-law her sisters, Lucy Wing Skiff and Nellie Wing Hemenway; her nephews, Jewett F. Wing and Harold E. Wing, and her niece, Edith M. Wing. She also left surviving her Daisy Emrich Charlesworth, a foster-daughter, whom she and her husband had taken at the age of ten or twelve years and who lived with her at her death. They had talked of adopting her but had never done so. The testatrix died seized of her homestead in Jacksonville, Illinois, and also a house and lot in Chapin, Illinois, worth about $2000. She left household goods of the value of about $120, and notes, mortgages and other assets of the value of $17,800. The will was dated March 31, 1915. She first gives and bequeaths, after the payment of her debts, funeral expenses and other expenses, the following legacies to her cousins: To Arthur Ames Woodward the sum of $3000; to Nellie Bean Woodward, Stella Bean, Emma Bean and Nellie Wing Lewis, $1000 each; to Abbie S. Wing $1000, to be given at her death to the Congregational (Vermont) Home

Missionary Society, to be applied to the endowment fund of said society. To Elizabeth Meyers she bequeathed the sum of $300; to the Woman's Board of Missions of the Interior, (Congregational,) incorporated under the laws of Illinois, $1000, to be used as an endowment fund for foreign missions; to the Deaconess Home in Pana, Illinois, $500, to be used by the Congregational trustees of the home for the deaconesses in Pana; to the trustees of Concord, Illinois, cemetery $100 in trust, the interest on said sum to be used to care for "the Williams lot in said cemetery;" $50 "in trust by the trustees," the interest of said sum to be used to keep up the J. F. Wing lot in the Bridgeport, Vermont, cemetery; to Thorsby Institute $300 for a piano. The devise and bequests to Daisy Emrich Charlesworth are in the following language: "I give and bequeath to my adopted daughter, Daisy Emrich Charlesworth, the sum of three thousand dollars ($3000); the house and lot No. 238 Westminster street, Jacksonville, Illinois, and the furniture in the house, after my sisters, Nellie Wing Hemenway and Lucy Wing Skiff, have taken what they want. I give and bequeath my piano to Daisy Emrich Charlesworth."

On August 30, 1915, the testatrix executed her second codicil to her will, which she called codicil No. 3, and it reads thus: "The property which I have given to my daughter, Daisy Emrich Charlesworth, three thousand dollars ($3000); the home and lot on 238 Westminster street, Jacksonville, Illinois; the piano; the household goods that my sisters, Lucy Wing Skiff and Nellie Wing Hemenway, do not want, to be used by the said Daisy for her lifetime. Should she leave the whole or part of this property, I want it given at her death, one-half to the Woman's Board of Missions of the Interior as an endowment fund under the laws of the State of Illinois, the interest to be used for foreign missions; the last half to be given as an endowment fund to the American Missionary Association, office 287 Fourth avenue, New York, for the education of the

whites in the South. Give my piano to the free kindergarten in Jacksonville, Illinois."

The paragraph of the will in behalf of Lucy Wing Skiff is in this language: "I give to my sisters, Lucy Wing Skiff and Nellie Wing Hemenway, my clothes, watch and jewelry, the rest of my estate to be equally divided between my sisters, Lucy Wing Skiff, Nellie Wing Hemenway, and my brother Charles Lyman Wing's children, Edith M. Wing, Jewett F. Wing, Harold D. Wing. The sum given to Jewett F. Wing, the use of the sum for his lifetime, the income to be his to use as he wishes, then at his death to be given to his nearest relatives. (The amount of money that my sister Lucy Wing Skiff receives shall be used in trust, at her death it will be given to my nearest relatives, my nephews and nieces.)"

On August 16, 1915, the testatrix executed the first codicil to her will, which she called the second codicil, and it reads thus: "The part of my property or estate which I have given to my sister Lucy Wing Skiff I would like to be left by her after she has had the use of it her lifetime to an endowment fund for missions instead of being given to my nearest relatives, as written in my will. The sum of fifteen hundred dollars ($1500) to be given as an endowment fund to the Congregational Woman's Board of Missions of the Interior, under the laws of the State of Illinois. The rest of the given sum, fifteen hundred dollars ($1500) more or less, to the Congregational Board of Ministerial Relief, to be used as an endowment fund, office 287 Fourth ave., New York, N. Y."

Appellant answered the bill, practically admitting all its averments, except that it denied that the provisions of the will and the codicils were uncertain and indefinite; averred that the purpose thereof was to devise and bequeath to Daisy Emrich Charlesworth only a life estate in the $3000 and the house and lot in Jacksonville, with remainder over, one-half thereof to appellant; avers that it is the owner

in fee of one-half of said property in trust for the uses and purposes declared in the will and codicils, subject to said life estate. By way of cross-bill appellant prays that the court will by its decree so find and establish the meaning of said will, and that the life tenant, Mrs. Charlesworth, may be required, as a condition to her receiving from the administrator the property in which she has a life interest, to give bond, with good and sufficient sureties, to appellant by way of assurance that the sum so bequeathed to her for life shall without loss be ready to be paid to appellant at the time it shall be entitled to receive the same, or that such other provision may be made by the decree of the court as will sufficiently give such assurance. Appellant answers, in substance, the same as to the legacies bequeathed to Lucy Wing Skiff, and by way of cross-bill prays similar relief.

The court found that under the original will the bequests and the devise to Daisy Emrich Charlesworth were absolute and in fee simple; that by the provisions of codicil No. 3 the estate was reduced to a life estate, with full power to dispose of all of the property during her life, with remainder over in one-half thereof from her death to the Woman's Board of Missions of the Interior, to be held as an endowment fund, the interest thereof to be used for foreign missions, and with remainder over in the other half to the American Missionary Society. The court decreed that the administrator pay to her said bequest of $3000, to deliver her the remainder of the household goods which testatrix's sisters do not want, and to deliver her the piano, to be used by her for life, with full power of disposition of said property during her life, with remainder over in one-half of what should remain, to appellant, etc. The court by its decree construed the will and codicil No. 3 to vest the life estate in the homestead property in Daisy Emrich Charlesworth, with full power of disposition during life, with remainder over at her death to appellant in one-half

thereof, or if sold, in the proceeds thereof or what shall remain of such proceeds, to be held as an endowment fund, etc. Appellant alone prosecutes this appeal from that decree. The decree as to the property bequeathed to Lucy Wing Skiff was in accordance with the prayer of appellant in its cross-complaint, and all parties abided by that decree. The provisions of the will and codicil No. 2 with reference to that property are not material in the consideration of this appeal, except in so far as they may affect the interpretation of those parts of the will in dispute.

The only question on this appeal is as to whether or not the circuit court properly interpreted the will and the second codicil, numbered 3 by the testatrix, as to the devise and bequest to Daisy Emrich Charlesworth. Appellant contends that by the terms of the codicil there is an express limitation of an estate for life to Mrs. Charlesworth, and that she is not given thereby the absolute power of disposition of the same but is to only have such use of the property as is consistent with that of a life owner. The original will itself clearly vested her with the absolute title in fee to the real estate and the absolute ownership of the personal property. The codicil in express terms limits her interest in all the property to a life estate. The purpose of a codicil is to alter, enlarge or restrain the provisions of the will, or to explain, confirm and re-publish it. It does not supersede the will but is a part of it and is to be construed with it as one entire instrument. *Grimball* v. *Patton,* 70 Ala. 626.

It is contended by appellee that the words of the codicil, "should she leave the whole or part of this property, I want it given at her death, one-half," etc., imply a power of disposition by Daisy Emrich Charlesworth of the whole property devised and bequeathed. This contention cannot be sustained. A portion of this property was furniture or such property that all or a part of it might not be in existence at her death when used by her for life. The words

289 – 18

"whole or part of this property" are entirely consistent with this idea, and the testatrix clearly had in mind that a part of this property might not be in existence at the death of her legatee. She would necessarily leave some of this property at her death but would not necessarily leave all of it, and that idea is expressed in the codicil. The words of the codicil do not imply that there might not be anything whatever left of either the real estate or personal property, as was implied by the wills construed in the cases of *Skinner* v. *McDowell,* 169 Ill. 365, and *Henderson* v. *Blackburn,* 104 id. 227. The rule is well settled in this State that where a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only co-extensive with the estate which the devisee takes under the will and means such disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended. (*Henderson* v. *Blackburn, supra; In re Estate of Cashman,* 134 Ill. 88; *Welsch* v. *Belleville Savings Bank,* 94 id. 191; *Wardner* v. *Baptist Memorial Board,* 232 id. 606.) It is now well established that a testator may bequeath a life estate in personal property to another and limit a remainder on it. *Hetfield* v. *Fowler,* 60 Ill. 45; *Welsch* v. *Belleville Savings Bank, supra.*

It is suggested by appellee that in the bequest to Lucy Wing Skiff there was a clear intent of the testator manifested that she should not have disposition of the property bequeathed to her, because in the remainder over in that bequest she named the amount that would remain and that was to be given over, while in the devise to Daisy Emrich Charlesworth she did not name the amount of remainder that would be left over, and that this is an additional reason for saying that the latter has a complete disposition of the property during life. The real purpose of naming the amount in the first codicil, numbered 2 by testatrix, that should be given over to the Congregational Woman's

Board of Missions of the Interior is, that she wanted that
board to have just $1500, and the remainder to the Con-
gregational Board of Ministerial Relief was only to be what
remained after deducting the $1500, and the remainder she
described as $1500 more or less." She discloses by her lan-
guage simply that she does not know what the property
bequeathed to Lucy Wing Skiff amounted to in value, and
therefore, as she wanted the first board to have exactly
$1500 after the death of the life tenant, she so expressed
it.   This language in no way indicates that she intended
to give Daisy Emrich Charlesworth the absolute disposi-
tion of her property, when considered with the further fact
that the remainder over in the second codicil was not defi-
nitely stated in value.

Where a life legacy consists of money, the practice pre-
vails in courts of chancery to require security of the life
legatee, notwithstanding that he may be perfectly respon-
sible, and even where there is no showing that there is
danger of it being wasted. (*Kinnard* v. *Kinnard*, 5 Watts,
110; *Hetfield* v. *Fowler, supra; Whittemore* v. *Russell*,
80 Me. 297; *Scott* v. *Scott*, 23 L. R. A. (N. S.) 716, and
note.)   The exception to that rule is that the money will
be paid to the life tenant when the will clearly discloses that
that was the testator's expressed intent.   No such expressed
intent appears in the will in question.   The decree of the
circuit court should therefore have required appellee to give
bond for this money, or should have placed the money in
the hands of a trustee, to be invested for the use of the
life tenant, and the remainder paid over by the trustee to
appellant, as contended for by it.

The decree of the circuit court is reversed and the cause
remanded, with directions to enter a decree in harmony
with the views herein expressed.

*Reversed and remanded, with directions.*

CARTWRIGHT and THOMPSON, JJ., dissenting.