(No. 21048.—

ELVIN E. BOON *et al.* Appellees, *vs.* RUTH ELIZABETH BOON *et al.* Appellants.

*Opinion filed April 23, 1932.*

W. A. Nichols, and F. T. Carson, guardians *ad litem*, for appellants.

Little & Finfrock, for appellees.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Champaign county construing the will of Charles Edwards, deceased. The will was executed on July 1, 1913, and, omitting its formal parts, it is as follows:

"To my nephew, Elvin E. Boon, I will all my property, both real and personal and of every nature whatsoever for and during the term of his natural life with all the rights and incidents of a life estate therein, and at his death it is my will that the fee in said premises shall vest in the heirs of the body of said Elvin E. Boon. Provided, that if said Elvin E. Boon should die without children or descendants of children then said land at his death shall vest in his heirs-at-law and provided, that if any child or children, born to the said Elvin E. Boon shall die before his death leaving a child or children then such child or children shall take under this clause the same interest in said premises that the parent would otherwise have taken.

"I hereby nominate and appoint my nephew, Elvin E. Boon, executor of this my last will and testament without bond."

The testator died on June 13, 1928, leaving Elvin E. Boon, the beneficiary named in the will, as his only heir. Boon was forty years of age in November, 1930. He has four living children: Ruth Elizabeth, Jean Adele, Edna Joan and Dana L. Boon. The oldest of these four children was thirteen and the youngest was four years of age in October, 1930, when the evidence was heard. Boon had

had one other child that died in infancy. When that child was born is not shown by the record. Boon at the death of the testator was a resident of Pennsylvania and so could not qualify as executor of the will. Roger F. Little was appointed administrator with the will annexed and proceeded to administer the personal estate of the testator, which consisted of securities valued at $6000 and an insurance policy on which $9750 was collected. The testator owned at his death 134 acres of land in Champaign county. A bill for the construction of the will was filed by Boon and the administrator. Guardians *ad litem* were appointed for the children of Boon, who were made parties defendant to the bill, and an answer was filed. The cause was referred to a master in chancery, who took and reported the evidence. The court entered a decree construing the will to give the personal property to Boon as absolute owner and to devise a life estate in the real estate to him with remainder to the heirs of his body. The appeal is prosecuted by the guardians *ad litem* of Boon's children, and they contend that the will gave Boon only a life estate in the personal property as well as the real estate and that the remainders in both the personal and real property are contingent. Appellees contend that the will gave Boon the personal property absolutely, but that if it should be construed to give him only a life estate in the personal property the remainder was not disposed of by the will and passed to Boon as the testator's heir.

The first question to be determined is whether or not the devise by the will is one by which at common law Boon would have been seized of an estate in fee tail, and this depends upon whether the words "heirs of the body," as used in the first sentence of the will, are words of limitation or words of purchase. The devise is not simply to Boon with remainder to the heirs of his body, but the devise is to Boon for life and at his death the fee in the premises to vest in the heirs of his body. The terms "fee," "fee

simple" and "fee simple absolute" are equivalent terms. (*Bowen* v. *John,* 201 Ill. 292.) The use of the word "fee" and of the word "vest" by the testator shows that he intended to say that Boon should take a life estate and at his death the heirs of his body should take a fee simple estate in the real estate. That this was the intention of the testator is further indicated by the two provisos in the will, the first of which is that should Boon "die without children or descendants of children then said land at his death shall vest in his heirs-at-law." The words "die without children or descendants of children" must be construed to mean die without children or descendants of children surviving him. To construe this clause as meaning die without having had children would be to give no effect whatever to the words "descendants of children." It is manifest that a man who has never had children cannot die leaving descendants of children, and that a man who has had children may die without children but with descendants of children. It seems clear, therefore, that by the first proviso the testator meant that should Boon die without children or descendants of children living at the time of his death then the real estate should go to Boon's heirs-at-law, and this indicates that it was not the intention of the testator to give Boon more than a life estate or that any interest in the land should vest in Boon's children or their descendants during Boon's lifetime. The second proviso indicates the same intention. This proviso is, that if a child or children of Boon should die in his lifetime leaving a child or children, then "such child or children shall take under this clause the same interest in said premises that the parent would otherwise have taken." It may be that the words of the provisos would not be sufficient to show that the words "heirs of the body" were used as words of purchase rather than limitation if the devise had been simply to Boon with remainder to the heirs of his body, but, as we have stated, the words of the devise are, to Boon for life and at his death the fee ·in the

premises shall vest in the heirs of his body, which, when the will is considered as a whole, mean that at Boon's death the heirs of his body should take the real estate in fee simple. It is clear, therefore, that the words "heirs of the body of said Elvin E. Boon" are words of purchase and not of limitation and do not indicate descendants of the life tenant who are to take in succession from generation to generation, but only the individuals who as descendants of the life tenant will at his death be his heirs and who will themselves be the ancestors from whom the succession is to be derived and from whom an estate in fee simple will descend. It follows that the rule in *Shelley's case* does not apply to the devise; that Boon would not at common law, by the devise, be seized of an estate in fee tail; that section 6 of the Conveyances act therefore has no application, and that the will devised the land to Boon for life with a contingent remainder to the heirs of his body in fee simple. (*Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406; *Benson* v. *Tanner,* 276 id. 594; *DuBois* v. *Judy,* 291 id. 340.) The proper construction of the will, so far as the real estate is concerned, is that Boon takes a life estate with remainder at his death to the heirs of his body, if any, the child or children, if any, of a child of Boon that dies in his lifetime to take the interest in the property that his or their parent would have taken, and in case Boon dies leaving no child or descendant of a child surviving him, then at his death the real estate to go to the heirs-at-law of Boon.

The first sentence of the will is: "To my nephew, Elvin E. Boon, I will all my property, both real and personal, * * * for and during the term of his natural life, * * * and at his death it is my will that the fee in said premises shall vest in the heirs of the body of said Elvin E. Boon." A life estate in the personal property is bequeathed to Boon. The words "heirs of the body" are used as words of purchase, so there is no attempt to create a fee tail in the personal property. The question is, Is there a con-

tingent remainder in the personal property to the heirs of the body of Boon, or is the remainder in the personal property after the life estate of Boon undisposed of by the will? It is the established law of this State that a testator may bequeath a life estate in personal property to one person and limit a valid remainder on it. (*Pratt* v. *Skiff*, 289 Ill. 268.) The question is whether the words, "the fee in said premises," as used in the first sentence of the will, refer to the personal property as well as to the real estate. The words "fee" and "premises" are words most commonly used in speaking of real estate. One of the meanings of the word "premises," however, is what has gone before or what has been previously stated. Either the testator meant to include the personal property in the word "premises," or he left the remainder in his personal property after the life estate of Boon undisposed of by the will. A testator is presumed to intend to dispose of all his property by his will and any reasonable construction of it will be adopted to avoid partial intestacy. In the first sentence the testator gave a life estate to his nephew in both his real and personal property and directed that at the death of the nephew the fee in the premises should go to his bodily heirs. By the words "fee in the premises" the testator certainly meant the whole title to the real property, and while the language used is most commonly applied to real estate only, it is not an unreasonable construction to give this language the meaning of the absolute ownership of the property, both real and personal, which immediately preceding was given to Boon for his natural life. This seems to be the most rational construction of the language used, and it has the effect of giving a life estate in the personal property to Boon with a contingent remainder to the heirs of his body.

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree construing the will as devising the land to Elvin E. Boon for life with remainder in fee simple to the heirs of his body, if any,

the child or children, if any, of a child of Boon that dies in his lifetime to take the interest in the property that his or their parent would have taken had he or she survived the life tenant, and in case Boon dies without leaving a child or descendant of a child him surviving, then at his death the real estate to go to his heirs-at-law; and also to construe the will as bequeathing the personal property to Boon for life with a contingent remainder to the heirs of his body. *Reversed and remanded, with directions.*