**BOARD OF NATIONAL MISSIONS OF PRESBYTERIAN CHURCH IN THE UNITED STATES v. SMITH.**

No. 10040.

United States Court of Appeals
Seventh Circuit.

May 24, 1950.

Rehearing Denied June 21, 1950.

363

Bookwalter, Donald S. Baldwin, Danville, Illinois, for defendant-appellee.

Before FINNEGAN and SWAIM, Circuit Judges, and BRIGGLE, District Judge.

SWAIM, Circuit Judge.

This is an appeal from a summary judgment dismissing plaintiff-appellant's complaint as to defendant-appellee, Nathaniel C. Smith.

The plaintiff claims that under the ninth paragraph of the will of W. C. Rankin, deceased, it has a remainder interest in an undivided one-half of real property which was "the home of" the testator, W. C. Rankin.

The Rankin will was executed July 19, 1928. On August 18, 1932, W. C. Rankin and his wife, Olive L. Rankin, conveyed the real estate involved by warranty deed to Martha Rankin, a sister of W. C. Rankin. This deed was recorded August 24, 1932. On March 2, 1933, Martha Rankin executed a "Declaration of Trust" wherein she stated that she held legal title to the property in trust for the benefit of Rankin and his wife; that upon the written request of both W. C. Rankin and Olive L. Rankin the trustee would reconvey the property in their lifetime to either of them, as they might direct; and that upon the death of either, she would forthwith and without demand convey the property to the survivor. Concurrently with the execution of the Declaration of Trust and according to its terms Martha Rankin executed, but did not then record, two warranty deeds for the property, one to W. C. Rankin and the other to Olive L. Rankin. She also agreed that upon the death of either she would promptly deliver the deed conveying the property to the survivor. The Declaration of Trust further provided that the trustee would permit the premises to be wholly occupied and possessed by Olive L. Rankin with full power to manage and control the possession thereof until the termination of the trust. For such control and possession Olive L. Rankin was to pay a nominal consideration to the trustee who was to account therefor to W. C. Rankin. The Declaration of Trust was not recorded.

Edward M. Burke, Chicago, Illinois, John Sebat, Danville, Illinois, Jones, Sebat, Stipp & Swanson, Danville, Illinois, Loesch, Scofield & Burke, Chicago, Illinois, for appellant.

W. M. Acton, Harvey H. Acton, Danville, Illinois, Acton, Acton, Baldwin &

W. C. Rankin died June 16, 1943, and on June 23, his will was probated. On June 28, the deed which Martha Rankin had executed March 2, 1933, to Olive L. Rankin was delivered and recorded.

During all the period prior to his death, Rankin and his wife continued to occupy the premises as their home. After his death, his widow, Olive L. Rankin, remained in possession of the property until September 4, 1943, at which time she delivered possession to the defendant Smith, pursuant to an unrecorded contract of sale for $20,000 entered into between her and Smith on September 2, 1943. A copy of the contract, together with a warranty deed of the same date from Olive L. Rankin to Smith, was placed in escrow with a bank, to be delivered to Smith upon payment of the balance of the purchase price.

When the plaintiff filed its original complaint on November 16, 1944, asserting its remainder interest in the real estate involved, Smith was not named as a defendant. On August 11, 1945, Smith paid the balance of the purchase price and then received and recorded his deed from Olive L. Rankin. Almost four years later, on June 11, 1949, the plaintiff filed an amended and supplemental complaint in which Smith was named a party defendant. Smith then filed an answer to the plaintiff's complaint, together with a motion for summary judgment and an affidavit in support thereof. In this answer Smith contended that he was a bona fide purchaser for value; that the abstract of title showed no interest in the plaintiff at the time that he purchased said property; and that he paid a reasonable and fair consideration for the premises, namely $20,-000. The defendant also set out that when he went into possession of the premises and made a down payment thereon, on September 4, 1943, he had no actual or constructive notice of the plaintiff's claim.

The plaintiff insists that Smith's claim to this property is invalid for two reasons. The plaintiff contends that the deed of Rankin and his wife to his sister, Martha, under the trust agreement whereby Martha was to make two deeds, one to Rankin and one to his wife, and after the death of either was to deliver to the other the deed conveying the land to the other, all amounted to an attempted testamentary disposition which was invalid because not executed in conformity with the Illinois statutes governing the execution of wills; and plaintiff also contends that Rankin's will gave his widow only a life estate without a power of disposition.

If the law is against the plaintiff on either of these contentions, the conveyance by Olive Rankin to the defendant Smith is valid and plaintiff must fail in this appeal.

The District Court, without expressly passing on the validity of the deed from Rankin and his wife to the trustee and the deed from the trustee to Rankin's widow, held that Rankin's will gave his widow a life estate with a power to sell and convey the fee and on that ground entered a summary judgment against the plaintiff. The plaintiff insists, however, that the defendant's motion for a summary judgment did not raise the issue of the construction of the will since the defendant's answer and motion were confined solely to the proposition that Olive L. Rankin was in possession and held a clear fee simple record title to the property when the defendant, in good faith and for a fair consideration, purchased said property. The plaintiff, therefore, contends that the District Court committed error in granting defendant's motion for summary judgment on the question of the construction of Rankin's will.

However, Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In our opinion pleadings before the District Court did show that there was no genuine issue as to any material fact and also showed as a matter of law that the defendant was entitled to a summary judgment on his motion. The fact that the judgment was granted on a reason different from that assigned by the defendant is

immaterial, where, as here, the motion was properly granted on the undisputed facts shown and on an issue presented by plaintiff's complaint. On the question of the power given to Olive L. Rankin by her husband's will, the following three paragraphs of the will are pertinent:

"Second: I give, devise and bequeath to my wife, Olive L. Rankin, for and during the term of her natural life, the following described property: My home in Vermillion County * * *.

"Ninth: It is my will and I direct that any life tenant named herein shall use the property devised to them as they see fit, with full power to sell, mortgage, reinvest or use the proceeds as they see fit, giving them and each of them power to make, execute and deliver deed, mortgages, notes, or other necessary papers that may be necessary to carry out their desires in the handling of the property herein devised to said respective life tenants.

"Tenth: Upon the death of the survivor of my wife and sisters, * * * I give, devise and bequeath the rest, residue and remainder of my estate, * * * remaining after the death of the survivor * * * to the Board of National Missions of the Presbyterian Church * * *."

The second paragraph clearly gave to the widow a life estate, and the tenth paragraph gave the remainder, after the death of the testator's wife and two sisters, to the plaintiff. The question arises on the interpretation of the ninth paragraph—whether that paragraph gave to the life tenant the power to sell and convey the fee, as held by the trial court; or whether the power there given was only to dispose of the life estate, as contended by the plaintiff. To sustain its contention, the plaintiff relies principally on three decisions of the Illinois Supreme Court: Pratt v. Skiff, 289 Ill. 268, 124 N.E. 534; Wardner v. Seventh Day Baptist Memorial Board, 232 Ill. 606, 83 N.E. 1077, 122 Am.St.Rep. 138; Welsch v. Belleville Savings Bank, 94 Ill. 191.

In the Welsch case the testator gave his wife: "* * * for her own free, independent and uncontrollable use and bene-fit for the term of her natural life, and that she may at her own wish at any time divide the same among her or our children or grandchildren: Provided, however, that my grandchild Arthur Harold shall receive from the estate she may leave at her death the sum of $4,000.00, before said estate may be otherwise divided * * *."

The court there held that the widow took a life estate and that the $4,000 remainder to the grandson was valid. While this decision has language which seems to support plaintiff's contention, the widow there was not given, as in the instant case, the unlimited "power to sell, mortgage, reinvest, or use the proceeds" as she might see fit. There the widow was only given the power to divide the property between the members of a limited class, and the will expressly provided that from the estate left, the named grandchild should receive from such remainder the $4,000 "before said estate may be *otherwise* divided." (Our emphasis.) That will presented an entirely different question for interpretation.

In Wardner v. Seventh Day Baptist Memorial Board, supra, the court was interpreting a codicil which gave to a second wife the power "to use, dispose of and control (the property) according to her own judgment during her natural life * * *." [232 Ill. 606, 83 N.E. 1079.] There again the powers given were not as broad as in the instant case. In that decision in distinguishing a case where the widow had been held to have the power to dispose of the fee, the court quoted the stronger language of the distinguished case. The stronger language there quoted, however, was not as strong as the language used in the instant case in defining the powers of disposition of the life tenant.

In Pratt v. Skiff, supra, the will gave $3,000 personal property and real property to a foster daughter of the testator. A codicil stated that the property given to the daughter was to be used by her for her lifetime and that if she should leave the whole or part of the property, the testator wanted it given at her death to certain residuary legatees. The court pointed out that part of the property was personalty

that might not be in existence at her death and held that the foster daughter took only a life estate.

[2, 3]   In contrast to these cases we here find the ninth paragraph of Rankin's will giving to Olive Rankin, his wife, the right to sell and convey or mortgage, to reinvest or use the proceeds as she saw fit, and to execute and deliver all papers and instruments necessary thereto. This entire paragraph was unnecessary, if the testator. was intending such powers to be applicable only to her disposition of a life estate. The power to dispose of the life estate was incidental to her ownership thereof. The broad powers of disposition found in this ninth paragraph of the will could have no purpose other than to indicate the intention of the testator that the life tenant should have the power to dispose of the fee. While the giving of such a power to a life tenant may not enlarge the life estate to a fee and thereby invalidate the remainder, it does make it possible for the life tenant. to dispose of the fee and leave no remainder. Kirkpatrick v. Kirkpatrick, 197 Ill. 144, 64 N.E. 267; Skinner v. McDowell, 169 Ill. 365, 48 N.E. 310, 61 Am.St.Rep. 183.

When we consider all the provisions of this will, the very broad provisions of paragraph nine, and the relationship and circumstances of the parties, we are convinced that it was the intention of W. C. Rankin to give to Olive Rankin, the life tenant, the power to sell and convey the fee of the involved real estate, a power which she might have exercised by her sale and conveyance to the defendant Smith had there not been a valid conveyance of the real estate by the testator prior to his death.

But, we are also of the opinion that the conveyance by Rankin to his sister Martha, prior to his death, was a valid conveyance. Plaintiff admits in its Brief that the conveyance of Rankin to Martha vested the legal title in her, but insists that her conveyance to Olive Rankin, subsequent to the death of W. C. Rankin, was void. This contention is predicated on the theory that the deed from Martha was part of an entire transaction which amounted to an attempted testamentary disposition without complying with the Illinois statutes pre-scribing the requirements for the execution of wills.

The cases cited by the plaintiff as supporting its contention on this point are cases where it was held that there had been no valid conveyance because there had been no valid delivery of the deed. Here the deed to Martha was delivered and recorded during the lifetime of Rankin. There can be no question as to the validity of the delivery of the deed to her. She then held the legal title in trust for Rankin and Olive, his wife, pursuant to the written Declaration of Trust. She agreed to reconvey to Rankin only on the joint request of Rankin and Olive, or after the death of Olive. Under the terms of the trust Olive was to have "full power to manage and control the possession thereof until the termination" of the trust, and upon the death of Rankin she was to receive a conveyance of the fee. This was a valid trust created by Rankin for the use and benefit of his wife, with the provision that if she should die before his death, the property would be reconveyed by the trustee to him.

In Kelly v. Parker, 181 Ill. 49, 54 N.E. 615, 618, the court held that a trust created by a deed was valid where the grantor reserved to himself complete control to lease, mortgage, sell or convey the property, and the power to revoke the trust by requiring a conveyance to him. There, also, it was contended that the deed was testamentary in character and was not to take effect until after the death of the grantor, but the court said: "The words of the grant are *in praesenti*, and, where such is the case, upon a delivery of the deed the title to the premises will pass to the grantee."

This was true of the deed from Rankin to Martha, and it was also true of the deed from Martha to Olive. See also Young v. Payne, 283 Ill. 649, 119 N.E. 612, and Patterson v. McClenathan, 296 Ill. 475, 129 N.E. 767. The plaintiff also objects that the trust here created was not an active trust. The trustee held the legal title of the property in trust for the use and benefit of Olive Rankin who was to have the management, control and possession thereof until the termination of the trust. For this Olive was to pay a nominal consideration to

the trustee who would account therefor to Rankin. It is to be remembered that this real estate, prior to the conveyance to Martha, belonged to Rankin. He was the grantor of the trust property. By his deed he surrendered his right to possession and control. He actually remained as one of the occupants of the premises but as the husband of Olive, not as the grantor. He alone could not revoke the trust and have the property reconveyed to him. The trustee was to do this only on the *joint* request of the grantor and of Olive Rankin. After the death of either, Martha was to convey to the survivor. This she did.

Plaintiff, however, contends that the delivery of this deed from Martha to Olive was invalid because W. C. Rankin was dead at the time of the delivery. But this presents a different situation than the facts shown in the cases relied on by the plaintiff. There the death of the grantor prior to delivery caused the conveyance to be held invalid. Martha, the grantor in the instant case, held legal title and was still alive at the time of the delivery.

Since Olive Rankin had the power to convey the fee simple title of said property to the defendant Smith, either as the owner of a life estate therein with the power to convey the fee, or as the owner of the fee simple title to the property through the deed from Martha Rankin to her, we must hold that the judgment of the District Court was correct.

The judgment is affirmed.